980 So.2d 760 (2008)
NEW ORLEANS FIREFIGHTERS LOCAL 632, et al.
v.
CITY OF NEW ORLEANS, et al.
No. 2007-CA-1475.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
Writ Denied May 9, 2008.
*762 Louis L. Robein, Jr., Nancy Picard, Robein Urann Spencer Picard & Cangemi, APLC, Metairie, LA, for Plaintiffs/Appellees.
Jay Alan Ginsberg, New Orleans, LA, for Defendants/Appellants, (City Civil Service Commission and Lisa Hudson).
Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Heather M. Valliant, Assistant City Attorney, Penya Moses-Fields, City Attorney, New Orleans, LA, for Defendants/Appellants.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge EDWIN A. LOMBARD).
PATRICIA RIVET MURRAY, Judge.
Defendants, the City of New Orleans ["the City"] and the New Orleans Civil Service Commission ["the Commission"], appeal the trial court's judgment rendered March 2, 2007 in this ongoing class action litigation instituted by the New Orleans Firefighters Local Union No. 632 on behalf of the plaintiff class ["the Firefighters"]. For the reasons that follow, we affirm.

FACTS AND PROCEEDINGS BELOW
This action dates back to 1981, when the Firefighters filed a class action petition against the City[1] alleging that the implementation of a particular Civil Service regulation (Commission Rule VIII, § 1.2) concerning the use of accrued annual leave was in violation of La. R.S. 33:1996, a statute granting firefighters certain rights regarding vacation time. Subsequently, in 1993, the Firefighters amended their petition to include a claim that the implementation of a different Civil Service regulation (Commission Rule IV, § 8.1) concerning longevity pay increases violated R.S. 33:1992(B) because it provided for less frequent increases than those due firefighters under the state statute. The Firefighters claimed that the Civil Service regulation, which then provided for a 2.5 % longevity increase for every five years of service, had unfairly deprived them of the minimum longevity increases *763 due them under R.S. 33:1992(B),[2] which provides for a 2% longevity increase annually for twenty years beginning in the third year of service.
On July 19, 1993, the trial court certified the class and divided the Firefighters into three subclasses. Class Three, which consists of those claiming they were deprived of the statutorily mandated longevity increases, is the only group pertinent to this appeal.
On April 26, 1999, the trial court rendered partial summary judgment in favor of the Firefighters, holding (in pertinent part) that the members of Class Three, whose annual longevity pay increases had been limited by operation of the Civil Service regulation, were entitled to back pay and future pay, subject to a credit for any payments they had already received. The district court certified the judgment for immediate appeal, and this court affirmed. New Orleans Firefighters Local 632, AFCIO v. City of New Orleans, 99-1995 (La. App. 4 Cir. 6/7/00), 767 So.2d 112. After granting certiorari, the Louisiana Supreme Court affirmed the portion of the summary judgment regarding the Firefighters' entitlement to the longevity increases mandated by R.S. 33:1992(B), and remanded to the district court for a trial on the merits.[3] On remand, the trial court awarded the Firefighters past longevity raises in accordance with the statute for service beginning in 1978.[4] The court also determined that these longevity raises, equivalent to 2% of a fireman's salary each year from his third year of service until his twenty-third year of service, must be calculated on a compounded basis using a base salary that included City base pay, supplemental pay, mileage pay, and overtime pay. The court ordered that in calculating the amounts owed, the City should receive a credit for each year in which it had granted the firemen a 2.5% longevity increase under the Civil Service regulation (years 1, 5, 10, 15, and 20), but not for those years in which the City had given a general raise to all City employees. Finally, the district court ordered that, for purposes of determining future pay and calculating the amount of back pay owed, the base pay of each class member must be immediately adjusted to include all longevity raises the member should have received pursuant to La. R.S. 33:1992(B).
Both the City and the Commission appealed the district court's judgment, and the Firefighters answered the appeal. On May 26, 2004, this court rendered its decision amending and partially reversing the trial court's judgment and remanding to the district court for recalculation of damages. New Orleans Firefighters Local 632 v. City of New Orleans, 03-1281 (La.App. 4 Cir. 5/26/04), 876 So.2d 211. In pertinent part, this court held that the Firefighters' 1993 amended petition did not relate back to the original 1981 petition, and therefore the Class Three members were entitled to be compensated for missed longevity raises going back to March 2, 1990 (three years prior to the *764 filing of the amended petition) rather than to July 14, 1978 (three years prior to the filing of the original petition). Secondly, this court held that the City was entitled to receive a credit for the first 2% of any city-wide discretionary raises given to firemen during the relevant time period assuming there was not also a Civil Service 2.5% longevity increase given in the same year. Finally, this court ruled that, for purposes of calculating the amount of back pay and future pay owed, each firefighter's base pay was to be retroactively adjusted to account for preceding years of missed longevity raises before the three-year prescriptive period began.
Following our remand for recalculation of damages, the district court has rendered four separate interlocutory judgments regarding the proper method of calculation. First, after conducting a hearing on November 7, 2006, the district court rendered judgment with written reasons November 8, 2006. In that judgment the district court ordered the City to recalculate the amount of current pay and damages due each firefighter "in accordance with the formula promulgated by the court in the judgment rendered February 28, 2003," which formula the 2007 court reiterated with particularity in accompanying Reasons for Judgment. The district court additionally ordered the City to implement the new rates of pay immediately or be found in direct contempt of court.
The defendants brought a motion for new trial alleging that certain parts of the district court's formula were in direct conflict with this court's orders upon remand. On December 21, 2006, the trial court granted the defendants' motion in part and rendered an amended judgment. The court amended the judgment in two respects: (1) It held that the longevity increases should be retroactive to March 2, 1990, in accordance with the Fourth Circuit's ruling on prescription; and (2) It held that in addition to the City being afforded an offset as to back longevity pay "in any year in which a Class member realized a 2.5% Civil Service longevity increase," the City should also receive "a credit of 2% in the years in which `city-wide' pay raises were given." However, the district court rejected the defendants' argument on the motion for new trial that the court should take judicial notice of discretionary raises allegedly awarded all City employees in years prior to 1979 for purposes of calculating City offsets to base pay. The court refused to allow the City to put forth evidence of these raises, but did allow the City to proffer a statement regarding the evidence it intended to submit.
On February 2, 2007, the district court conducted an evidentiary hearing on a motion for contempt filed previously by the Firefighters based upon the City's alleged failure to comply with the district court's judgment. Five days later, on February 7, 2007, the trial court rendered judgment denying the motion for contempt. In accompanying written reasons, the trial court indicated that while the City's actions had fallen short of demonstrating contempt, the court found that all of the parties had presented inaccurate methods of calculating the longevity increases due plaintiffs. In particular, the court found that the City's method was deficient because it had stripped away all the 2.5 % Civil Service longevity increases, regardless of the years in which they had been awarded. The court therefore ordered the defendants to recalculate their formula in accordance with the court's prior specific instructions and to submit the recalculated formula to the plaintiffs for comments and to the court for approval by the end of February, noting that the court planned to rule upon the acceptability of the formula on March 2, 2007.
*765 On March 2, the trial court rendered its "Supplemental and Amending Judgment on Longevity Calculations" with written reasons, which judgment the trial court then designated as final and appealable pursuant to La. C.C.P. art. 1915(B). That judgment, which is the subject of this appeal, provides, in pertinent part:
A. The City will not apply pre-1979 offsets in any longevity calculation.
B. The City will reinstate all 2.5% longevity increases that Class members have already received, including those years in which Firefighters received both a 2.5% longevity increase and a City-wide pay raise and the 2.5% longevity increases received by Firefighters for 25 or more years of service.
C. The City will include supplemental pay and mileage pay in calculating the upgrades in Firefighters' pay.
Finally, the district court ordered that its judgment be implemented immediately by the City. In Reasons for Judgment, the court noted that prior to the Commission's changing its pay plan in 2001, the 2.5% longevity increases Class members had received were "legally conferred benefits," which the City in its recalculation formula had unilaterally stripped away. According to the court, the City's action not only violated the court's prior order, which allowed the City only an offset only for those years in which Class members had received a 2.5% Civil Service longevity increase instead of the 2% mandated by the state statute, but also "created a hardship of unwarranted pay cuts to long-term employees."
ISSUES
Both the City and the Commission have appealed the trial court's March 2, 2007 judgment.[5] They raise three assignments of error:
(1) The March 2 judgment was rendered without affording the defendants prior notice and/or an opportunity to be heard, thus violating their substantive and procedural due process rights;
(2) The trial court erred by refusing to take judicial notice of, or accept evidence regarding, discretionary raises awarded to all city employees prior to 1979;
(3) The trial court misapplied prior court rulings, which are now the law of the case, by refusing to allow the City credit for all Civil Service 2.5 % longevity increases that were awarded to Class Three members during the relevant time period, regardless of the year of service in which each increase was awarded.
In opposition to the appeal, the Firefighters contend that the district court's judgment should be affirmed. We address each issue separately.
DUE PROCESS
The defendants contend that the March 2 judgment was rendered without prior notice and/or a proper hearing because the only matter before the district court at the February 2 hearing was the plaintiffs' motion for contempt, which the trial court denied on February 7. Thus, they argue, they were "completely unaware" that testimony and evidence presented at the February 2 contempt hearing was going to be considered by the trial court in rendering a supplemental judgment regarding the appropriate method of calculating damages. According to defendants, once the trial court had denied the motion for contempt, it was improper for that court to *766 render any further judgment, and therefore the March 2 judgment should be vacated.
We cannot accept defendants' argument, which is contradicted by the record. On November 22, 2006, the Firefighters asserted their motion for contempt demanding that sanctions should be imposed upon the City for its deliberate violation of the district court's November 8, 2006 judgment ordering the City to immediately recalculate damages according to the formula set forth in that judgment. In their motion the Firefighters asserted that the City's departure from the court's formula was merely a delay tactic and that the City's pending motion for new trial as to the November 8 judgment was "frivolous." On December 21, 2006, the trial court granted in part the City's motion for new trial and amended parts of the formula. Then, on February 2, 2007, the court heard the Firefighter's motion for contempt. The record shows that the trial court on that day conducted a full evidentiary hearing, including the testimony of witnesses, regarding what method of calculation should be utilized to comply with the district court's judgment. Five days later, the trial court denied the motion for contempt, stating in its Reasons for Judgment that although the City had made a good faith effort to implement the longevity increase as ordered, thus avoiding a finding of contempt, the City had still not properly executed the court's orders. In those same Reasons for Judgment, issued February 7, 2007, the district court stated that, based upon the evidence submitted at the February 2 hearing, both the plaintiffs and defendants had presented inaccurate methods of calculating the longevity pay increases required by La. R.S. 33:1992(B). Thus, the court ordered the defendants to recalculate the damages and to submit their recalculated formula to the plaintiffs and to the court by February 26, 2007, with the plaintiffs' comments regarding the formula due the court by February 28. Finally, the court noted that it intended to rule on March 2 as to the formula.
In view of this statement, we cannot accept the City's contention that it was surprised or unfairly prejudiced by' the trial court's issuance of a supplemental judgment on March 2. The propriety of the City's method of recalculating damages clearly was at issue during the February 2 contempt hearing. At that time, the City had an opportunity to present whatever evidence it had in support of the formula it had used. Moreover, the record reflects a general understanding among the parties to the hearing that the district court had to rule upon the propriety of the City's formula in order to determine the contempt issue. It is specious for the City to now claim that it was deprived of due process because the trial court, while declining to hold the City in contempt, issued a supplemental judgment further explaining its prior orders, which the City had failed to properly implement.
On the basis of the record, we conclude that the City was afforded both notice and the opportunity to be heard on the issue of the recalculation method, and we therefore reject this assignment of error.
FAILURE TO ADMIT EVIDENCE OF PRE-1979 CITY-WIDE RAISES
The defendants' second assignment of error concerns the district court's refusal to allow, upon the defendants' motion for new trial, the introduction of evidence as to discretionary raises given to all City employees prior to 1979. The City attempted to introduce this evidence for purposes of claiming its entitlement to an offset for these raises in calculating the base pay of relevant Class members. The trial court refused to accept this evidence on the basis that the issue had already *767 been ruled upon, having been considered at the original trial and decided in the trial court's 2003 judgment. The City then proffered into the record a statement that, if permitted, it would offer proof that discretionary pay raises were given to all City employees in each calendar year from 1969 through 1978, with the exception of 1970. The defendants now claim that the trial court erred by refusing to accept this evidence.
A trial court is afforded great discretion concerning the admission of evidence at trial, and its decision to admit or exclude evidence may not be reversed on appeal absent an abuse of that discretion. Boykins v. Boykins, 04-0999, p. 4 (La.App. 4 Cir. 4/24/07), 958 So.2d 70, 74, writ denied, 07-1302 (La.9/28/07), 964 So.2d 369 (holding it was not an abuse of discretion for the trial court to refusal to admit one spouse's descriptive list in a divorce proceeding because the list had not been submitted until the third day of trial) (citing Miller v. Southern Baptist Hospital, 00-1352, p. 5 (La.App. 4 Cir. 11/21/01), 806 So.2d 10, 15).
In the original trial of the instant case, the City submitted evidence of, and the parties stipulated that, the City had given a discretionary pay raise to all its employees in 1979, 1980, 1981, 1982, 1987, 1990, 1995, 1997, and 2000. According to its appellant brief herein, the City only submitted evidence going back to 1979 because the plaintiffs were contending, in defense of a prescription exception, that their entitlement to state-mandated longevity increases dated back to 1979, three years from the filing of their original petition. The City additionally asserts that the evidence of the post-1979 pay raises was "readily available." However, the City does not explain why similar evidence of discretionary pay raises given before 1979 was not readily available, or why it did not offer such evidence at the original trial to support its contentions regarding the calculation of base pay. The calculation of base pay was an issue at that trial; however, the City did not offer these pre-1979 raises as amounts that should be included as offsets in that calculation until after the original judgment had been rendered; appealed; partially reversed; remanded for recalculation of damages; heard and decided upon remand; and the judgment upon remand was before the district court on the City's motion for new trial. At that point, the trial court refused to accept the evidence, reasoning that the issue had already been decided.
We find no abuse of discretion in the trial court's refusal to admit evidence that the City could have offered at the original trial, but did not. The City has not asserted any valid reason that would justify or explain its failure to introduce this evidence timely. Moreover, we cannot accept the City's alternative argument that this court should take judicial notice that such raises were awarded. Considering that the City has proffered only a statement concerning what evidence it would submit, rather than actual copies of the ordinances it claims as proof, there is nothing of which to take judicial notice. Therefore, we pretermit this issue.
Accordingly, we reject this assignment of error.
OFFSETS FOR CIVIL SERVICE LONGEVITY RAISES
Defendants' final assignment of error challenges the district court's finding that the City improperly calculated the credits it was due for the 2.5 % Civil Service longevity increases it had afforded Class members. Specifically, the district court held that the City could not retroactively strip away all Civil Service longevity increases it had afforded Class members, *768 regardless of the years in which they had been given. Under the method of calculation propounded by the defendants, the City would take a credit against the amount it owed a particular firefighter for every longevity increase awarded him (including, for example, a 2.5 % increase awarded the firefighter after completing his 25th or 30th year of service, which years are not affected by the minimum wage scheme set forth in R.S. 33:1992(B).[6] Rejecting that formula as incorrect, the court held that the City should receive an offset only for each Civil Service increase that was awarded in a year in which the particular firefighter Would have received a 2% longevity increase pursuant to La. R.S. 33:1992(B) (namely, his 5th, 10th, 15th and 20th years of service).
Defendants argue that the district court's ruling contravenes the April 26, 1999 summary judgment issued by a different judge of the same court, which judgment has now become the law of the case. Defendants additionally argue that the Civil Service longevity raises were "illegally" granted, and that the implementation of the district court's formula for calculating credits would allow firefighters to "double dip" by receiving longevity increases under two separate systems. Finally, defendants contend that the trial court's ruling would unfairly put the firefighters in a more favorable position than other City Civil Service employees, such as police officers.
Explaining its ruling, the trial court stated in its Reasons for Judgment:
The Court did not deem it equitable to unilaterally strip away a legally conferred benefit. In 2001, the Civil Service Commission took action to change the pay plan. However, up to that point the City's longevity pay increases were legally conferred benefits. The Court allowed an offset for this increase in previous rulings.
We disagree with the defendants' assertion that the trial court's ruling is inconsistent with the prior holdings in this case. The 1999 summary judgment held, in pertinent part:
4. The active and formerly employed members of class number 3 who were deprived of the annual 2% longevity pay increases granted by RS 33:1992(B) but which was capped by Civil Service Rule 4, Section 8.1 be and the same are hereby entitled to back pay and future pay irrespective of Civil Service Rule 4, section 8.1, subject to any payments that may have been received by any members of the class.
We do not agree that this language, particularly the phrase "any payments," prescribes any specific method of calculating credits nor precludes the method decided upon by the trial court in the March 2, 2007 judgment. In prior Reasons for Judgment, the trial court interpreted this language to mean that the City was entitled to a credit for any cash payments made rather than that the City was entitled to offsets for every pay increase given. This interpretation is not unreasonable. We therefore reject defendants' argument that the trial court erred by ignoring the law of the case.
Nor do we agree that the Civil Service longevity increases were illegally conferred. Rather, it was illegal under the circumstances for the City to have applied this system to firefighters solely because it *769 resulted in firefighters receiving less than the minimum required longevity increases mandated by La. R.S. 33:1992(B). However, that statute is in essence a minimum wage statute. The City, as an employer, is allowed to pay firefighters in excess of the minimum. We agree with the trial court that once conferred, those benefits cannot be retroactively taken away. Moreover, the City's credit is actually an offset, but in those years when a statutory increase was not due, there was nothing to offset. Addressing a similar argument made by the City with regard to credits for discretionary raises, we stated:
However, we disagree with the City's reasoning that pay increases of more than 2% be credited to years in which longevity pay increases were not given. The fact that the City chose to give raises in excess of those required by law should not, and did not, prejudice the Firefighters.
New Orleans Firefighters Local 632 v. City of New Orleans, 03-1281, supra, p. 21, 876 So.2d at 224-25. Therefore, we reject defendants' argument that the trial court's method of calculation impermissibly allows Class Three members to "double dip" by recovering from two separate systems.
Defendants also argue that the trial court's method of calculation effectively places the Firefighters in a more favorable position than their fellow City employees, such as policemen, who are paid according to the Civil Service system. Even assuming this is true, any favorable treatment is the result of the Legislature having specifically provided for minimum increases for firefighters by passing La. R.S. 33:1992(B). If such a disparity exists, it is not attributable to an error in the trial court's method of calculation, but rather is a matter that should be addressed at the legislative level.
Accordingly, we find no error in the method of calculation designated by the trial court's judgment.
CONCLUSION
For the reasons stated, we affirm the judgment of the district court.
AFFIRMED.
NOTES
[1] The Commission was later added as a defendant.
[2] This provision, which became effective January 1, 1969, sets forth minimum salaries for firemen.
[3] The Court also reversed in part the judgment with respect to accrual of vacation time, but that ruling is not pertinent to the instant appeal. See 00-1921 and 00-2041 (La.5/25/01), 788 So.2d 1166.
[4] This date was selected to comply with La. C.C. art. 3494, which provides a three-year prescriptive period for actions to recover compensation for services rendered. The court found that the 1993 amended petition asserting the claim for insufficient longevity pay related back to the original petition; therefore, the firemen's benefits should begin to accrue in 1978, three years prior the 1981 filing of the original petition.
[5] The record reveals that defendants petitioned for a suspensive appeal, to which the plaintiffs objected, and that the district court granted a devolutive appeal.
[6] From the time this suit was filed through the end of 2001, the City continued to pay firefighters according to Civil Service Rule IV, § 8.1, thus awarding them 2.5% longevity increases every five years of service. Effective January 1, 2002, the Commission amended Rule IV, § 8.1 to bring it into conformity with La. R.S. 33:1992(B).