986 So.2d 797 (2008)
Gwendolyn Hebert, Wife of Michael Ricardo JOHNSON
v.
Michael Ricardo JOHNSON.
No. 2008-CA-0060.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 2008.
*799 Tracy Ann Petruccelli, Mary Beoubay Petruccelli, Petruccelli Law Office, LLC, Covington, LA, for Gwendolyn Hebert Meariman.
Keith Couture, Mandeville, LA, for Michael Ricardo Johnson.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
TERRI F. LOVE, Judge.
This appeal arises from a dispute regarding the payment of private school tuition for a minor child of a divorced couple. A consent judgment states that the father shall pay the school tuition and fees of the minor children. The father failed to pay tuition for the second eldest child after the child graduated from the eighth grade. The father contended that he and his exwife previously agreed that the children would attend public school after the completion of eighth grade. The trial court found the father in contempt and assessed arrearages, attorney's fees, and costs. We find that the father violated the consent judgment, award damages, and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
Gwendolyn Hebert ("Ms.Hebert") filed for and was granted a divorce from Michael Johnson ("Mr.Johnson"). Ms. Hebert and Mr. Johnson agreed upon a consent judgment, which provided that they would have joint custody of their three minor children, with Ms. Hebert as the major domiciliary parent. Mr. Johnson was awarded visitation with the children for one weekend a month and on Thursday's after school until eight p.m. Mr. Johnson was ordered to pay $969 a month for child support and $200 a month for interim spousal support. Additionally, the consent judgment provided that Mr. Johnson would pay the school tuition and fees for the minor children; maintain health insurance on the minors and Ms. Hebert as long as possible; and maintain automobile insurance on Ms. Hebert's automobile. Lastly, the consent judgment established the procedure by which Ms. Hebert and Mr. Johnson would claim the children on their respective tax returns.
Ms. Hebert sought to modify visitation on several occasions due to the alleged behavior of Mr. Johnson. This resulted in a second consent judgment, which established Mr. Johnson's visitation started on Friday at seven p.m. through Sunday at eight p.m., with shared holidays and one week each summer. Mr. Johnson was also ordered to bathe the kids and wash their clothes prior to returning them to Ms. Hebert, due to her allergic reaction to cat hair. Neither parent was allowed to have a person of the opposite sex, not married to them, spend the night while the children were present. Each parent was also ordered to pay half of the dental expenses not covered by insurance.
Mr. Johnson failed to pay private school tuition for the second eldest child after completion of the eighth grade. Ms. Hebert filed a Rule for Contempt for not paying school tuition, to assess attorney's fees and costs, and modify visitation. The trial court found Mr. Johnson in arrears $6,358.50 and made the judgment executory. Mr. Johnson was also found in contempt and ordered to pay $750 in attorney's fees and $100 in court costs. Ms. Hebert then filed another Rule for Contempt alleging Mr. Johnson had paid less than one-third of the private school tuition. Mr. Johnson then filed a motion for an *800 appeal over thirty days, but less than sixty days after the trial court ruled in favor of Ms. Hebert. Ms. Hebert then incorporated a motion to dismiss the appeal as untimely with her appellee brief.

MOTION TO DISMISS
Ms. Hebert asserts that Mr. Johnson's appeal is untimely because the appeal is subject to the thirty-day time limitation established in La. C.C.P. art. 3942[1] and La. C.C.P. art. 3943.[2] However, a judgment ordering the payment of past due child support does not fall under the purview of La. C.C.P. art. 3943. Henson v. Henson, 350 So.2d 979, 980 (La.App. 2nd Cir.1977). Instead, the time delay for a devolutive appeal applies. Id. La. C.C.P. art.2087 provides for sixty days to file a devolutive appeal. Mr. Johnson filed his appeal within sixty days. Therefore, Ms. Hebert's motion to dismiss the appeal is denied.

PRIVATE SCHOOL TUITION
Mr. Johnson asserts that the consent judgment, which states that "Michael Ricardo Johnson shall pay the school tuition and fees for the minor children," did not include paying for school tuition for his children once they completed the eighth grade. Mr. Johnson bases his argument upon the fact that his eldest child attends public school. However, the issue in the case sub judice is whether the consent judgment requires him to pay private school tuition for his children if they remain in private school.
As referenced above, the consent judgment states that Mr. Johnson shall pay the school tuition for the minor children. His second eldest child is a minor. Therefore, we find the consent judgment clear. The trial court did not err in ordering Mr. Johnson to pay the private school tuition.

SANCTIONS
Ms. Hebert contends that Mr. Johnson's appeal warrants the application of sanctions pursuant to La. C.C.P. art. 863. This Court found that an appeal was "intended to harass" and cause the opposing party to "incur additional unnecessary legal expenses" and assessed sanctions against a party when no "economic justification" existed for the appeal. Hester v. Hester, 03-1259, p. 5-6 (La.App. 4 Cir. 4/14/04), 874 So.2d 859, 862.
However, La. C.C.P. art. 863, which permits the award of sanctions, also requires a hearing to determine the adequate amount of sanctions. La. C.C.P. art. 863, reads:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, *801 except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
As the procedure requires a hearing, the trial court is best situated to impose sanctions at the trial court level pursuant to La. C.C.P. art. 863. Therefore, we do not find that sanctions are warranted at this time.

DAMAGES FOR A FRIVOLOUS APPEAL
Conversely, Ms. Hebert also urges that this is a frivolous appeal. Damages for frivolous appeals, like sanctions at the trial court level, are utilized to curtail the filing of appeals that are intended to delay litigation, harass another party, or those that have no reasonable basis in fact of law.
Appellate courts "shall render any judgment which is just, legal, and proper upon the record on appeal" and "may award damages for frivolous appeal...." La. C.C.P. art. 2164. The statute permitting frivolous appeal damages must be strictly construed in favor of the appellant, as it is penal in nature. Levy v. Levy, 02-0279, pp. 17-18 (La.App. 4 Cir. 10/2/02), 829 So.2d 640, 650. Frivolous appeal damages will be awarded if the appellant is trying to "delay the action" or "if the appealing counsel does not seriously believe the law he or she advocates." Hester v. Hester, 97-2009, p. 5 (La.App. 4 Cir. 6/3/98), 715 So.2d 43, 46. An appeal may also be deemed frivolous if it does not present a "substantial legal question." Tillmon v. Thrasher Waterproofing, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. "Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted" due in part to the possible chilling effect on the appellate process. Tillmon, 00-0395, p. 8. 786 So.2d at 137.
The words of the consent judgment are clear and explicit. Mr. Johnson consented to paying for school tuition for his children as long as they remain minors. *802 Mr. Johnson would not be permitted to appeal the consent judgment. Instead, he attempted to delay his responsibility of paying for school tuition with an appeal that is not well-grounded in law or fact. This Court finds Mr. Johnson's appeal disingenuous and assesses $500 in damages for a frivolous appeal.

DECREE
For the above mentioned reasons, we find that the consent judgment requires that Mr. Johnson pay the private school tuition of his minor children and affirm. We also find that Mr. Johnson's appeal is frivolous and award damages in the amount of $500.
AFFIRMED WITH DAMAGES.
BAGNERIS, J., Concurs in Part and Dissents in Part.
BAGNERIS, J., Concurring in Part and Dissenting in Part.
I respectfully agree with the majority opinion in affirming the judgment of the district court ordering Mr. Johnson to pay what is rightfully owed in light of the Consent Judgment between the parties. Obviously the parties entered into a Consent Judgment because they could not rely on mere verbal agreements. Therefore it was incumbent upon Mr. Johnson to file a motion to modify the Consent Judgment even though he was under the impression that his minor child would not continue with a private school education after the eighth grade.
I do however respectfully disagree with the majority finding that this Court shall impose damages against Mr. Johnson in the amount of $500 for filing a frivolous appeal. It is Mr. Johnson's legal right to file an appeal from the judgment of the district court and I am not of the opinion, as the majority is, that Mr. Johnson's appeal is "disingenuous" and intended to harass Ms. Hebert.
NOTES
[1] La. C.C.P. art. 3942: Appeal from judgment granting or refusing annulment or divorce

A. An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(1)-(3).
B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime.
[2] La. C.C.P. art. 3943: Appeal from judgment awarding custody, visitation, or support

An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.