PAUL HELLMERS, EDWARD     *      NO. 2021-CA-0380
POOLE, JAY FIELDING &
MICHAEL SALVAGGIO       *

                         COURT OF APPEAL

VERSUS                     *

                         FOURTH CIRCUIT

DEPARTMENT OF FIRE       *

                         STATE OF LOUISIANA

                * * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 8594 C\W 8629, 8649, 8692

* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Tiffany Gautier Chase)

Louis L. Robein, III
Paula M. Bruner
ROBEIN URANN SPENCER PICARD & CANGEMI, APLC
2540 Severn Avenue, Suite 400
Metairie, LA 70002

      COUNSEL FOR PLAINTIFF/APPELLANT

Sunni J. LeBeouf
CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Elizabeth Robins
DEPUTY CITY ATTORNEY
William R. H. Goforth
ASSISTANT CITY ATTORNEY
1300 Perdido Street, Suite 5E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

                             **AFFIRMED**
                             **NOVEMBER 10, 2021**

Appellants, New Orleans Fire Fighters Association, IAFF Local 632 o/b/o Paul Hellmers, Edward Poole, Jay Fielding and Michael Salvaggio (hereinafter collectively "Firefighters"), seek review of the Civil Service Commission's (hereinafter "Commission") April 20, 2021 minute entry denying their request for back pay. Appellee, The City of New Orleans, through the New Orleans Fire Department (hereinafter "NOFD"), also seeks frivolous appeal damages. After consideration of the record before this Court and the applicable law, we affirm the ruling of the Commission and deny NOFD's request for frivolous appeal damages.

**Facts and Procedural History**

In 2016, NOFD Superintendent Timothy McConnell requested a list of eligible candidates to fill five fire district chief promotion positions. He was presented with fifteen eligible candidates to fill the promotion positions. Five of the fifteen candidates were promoted and four of the firefighters who were not promoted filed a promotional appeal with the Civil Service Department pursuant to Civil Service Rule VI, § 6.1.[1]

---

[1] Civil Service Rule VI, § 6.1:

> If any qualified candidate or employee, whose name appears on a verified appointment or promotional list, believes that his appointment, allocation or promotion has been improperly denied, he may protest the denial of such by

1

On November 8, 2018, the personnel director of the Civil Service Department issued a decision finding that the NOFD's promotional decisions were unconstitutional and in violation of certain Civil Service rules. The personnel director further determined that the appropriate remedy would be to retroactively promote the Firefighters. Specifically, Michael Salvaggio was retroactively promoted effective March 6, 2016; and Paul Hellmers, Edward Poole and Jay Fielding were retroactively promoted effective May 15, 2016. The Firefighters subsequently filed a motion seeking to enforce the personnel director's decision with the Commission. Simultaneously, NOFD requested the Commission examine the November 8, 2018 findings of the personnel director. The Commission denied the motion to enforce and deferred action on the request to investigate pending this Court's decision in *Achord v. Dep't of Fire*, 2018-0635 (La.App. 4 Cir. 12/27/18), 318 So.3d 816.[2] On January 28, 2019, upon the issuance of this Court's decision in *Achord*, NOFD re-urged its request for the Commission to examine the personnel director's November 8, 2018 findings. By minute entry dated February 7, 2019, the Commission denied NOFD's request, determining that: (1) the Commission would not exercise its discretionary authority to investigate the fire district chief

___

presenting such forms or documents as the Director may prescribe. The Director, or any person designated by him, may hold special hearings to determine the facts of each case and the Director shall make his decision on the basis of the written statements and forms presented by the employee and on the facts brought out in the hearing. The employee shall have the right to appeal to the Commission if dissatisfied with the action of the Director.

[2] In *Achord*, this Court affirmed in part the Commission's ruling "finding that it properly exercised its constitutional authority to investigate the Firefighters' protests that the NOFD's promotions were not merit-based and competitive… ." *Achord*, 2018-0635, p. 11, 318 So.3d at 823. This Court further reversed in part the Commission's ruling "finding that it did not have the authority to order the NOFD to promote qualified firefighters to the position of fire captain after they were denied promotion in violation of the Louisiana Constitution." *Id.*, 2018-0635, p. 12, 318 So.2d at 823. As such, the matter was remanded with the "instruction that the Commission remedy the constitutional violations by ordering the promotion of the qualified applicants… ." *Id.*

promotions and (2) as a result of the Commission's denial to investigate the promotions, the personnel director's decision and remedy are final as of February 7, 2019. NOFD appealed the Commission's ruling with this Court.

On October 30, 2019, this Court issued an opinion finding "that the Commission's denial of NOFD's request to investigate was not a final appealable judgment over which this Court has subject matter jurisdiction" and dismissed NOFD's appeal. *Hellmers v. Dep't of Fire*, 2019-0420, p. 12 (La.App. 4 Cir. 10/30/19) ___ So.3d ___, 2019 WL 5607426, *writ denied*, 2020-00021 (La. 2/26/20), ___ So.3d ___, 2020 WL 10787498. NOFD implemented the retroactive promotions of the Firefighters on May 26, 2019, for Jay Fielding, Paul Hellmers and Michael Salvaggio; and on June 1, 2019, for Edward Poole.[3] NOFD then evaluated each Firefighter's pay records during the retroactive promotion period. NOFD used the same pay records and the salary for the fire district chiefs, pursuant to Civil Service Rule IV, § 1.3, to determine how much the Firefighters would have earned as fire district chiefs during the retroactive promotion period. NOFD found that the Commission's February 7, 2019 ruling did not require it to pay the Firefighters any additional back pay since the Firefighters did not suffer any loss of income due to the delayed promotions.

In light of this determination, on September 8, 2020, the Firefighters petitioned the Commission to determine whether they were entitled to back pay under the Commission's February 7, 2019 ruling. The Firefighters contended that since fire district chiefs are paid a higher base salary than captains, their back pay should be calculated utilizing an hourly rate which reflects the higher base salary

---

[3] Pursuant to a Petition for Mandamus filed by NOFD in Civil District Court, Parish of Orleans, State of Louisiana, the parties entered into a consent judgment, dated May 23, 2019, wherein it was agreed that the issue of back pay and emoluments would be resolved by the Commission.

for every hour worked as a captain from the date of retroactive promotion. Conversely, NOFD maintained that the Firefighters earned more as captains than they would have as fire district chiefs, during the retroactive promotion period, resulting in no financial loss and thus, no entitlement to back pay. On April 20, 2021, the Commission found that the personnel director's back pay order was intended to offset any financial loss suffered by the Firefighters due to their delayed promotion. It noted that the back pay order is not a "legally conferred benefit" beyond what is allowed by the Civil Service rules. The Commission further found that:

> The [Firefighters] were performing non-exempt work as Captains during the time in question and earned over-time as non-exempt employees, causing their compensation to rise above their base pay and above what they would have earned had they worked in the exempt classification of District Chief. Consequently, the Commission found that the [Firefighters] have been made more than whole by the enforcement of the Director of Personnel's order, given that their overtime earnings far exceeded the back pay they would have received as District Chiefs.

The Commission thus denied the Firefighters request for back pay, determining that recalculating the pay as requested by the Firefighters would be inconsistent with the Commission's uniform pay plan.[4] This appeal followed.

---

[4] *See* LSA-Const. Art. 10, § 10(A)(1):

> Each commission is vested with broad and general rulemaking and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established. It may make recommendations with respect to employee training and safety.

<u>**Standard of Review**</u>

Civil service cases are reviewed under a manifest error standard of review.

In *Russell v. Mosquito Control Board*, this Court stated:

> In *Banks v. New Orleans Police Dep't.,* 2001–0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513–14, we articulated the standard of review in civil service cases. First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs here when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. *See Stern v. New Orleans City Planning Comm'n,* 2003–0817, pp. 5–6 (La.App. 4 Cir. 9/17/03), 859 So.2d 696, 699–700.

*Russell v. Mosquito Control Bd.*, 2006-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-40; *See Achord*, 2018-0635, pp. 4-5, 318 So.3d at 819.

<u>**Discussion**</u>

The Firefighters assert two assignments of error which aver that the Commission violated Civil Service Rule IV, § 9 and failed to properly award back pay. Specifically, the Firefighters argue that it was error for the Commission and NOFD to compare total wages of captains against the base pay rate of fire district chiefs in denying their request for back pay.

**Firefighters Earnings**

The Firefighters assert that because the captain position is non-exempt, they are entitled to earn unscheduled overtime compensation pursuant to Civil Service Rule IV, § 9.2(b), which provides that:

5

(b) any non-exempt employee engaged in fire protection activities shall be paid overtime at the special hourly base rate for all hours worked in excess of two hundred and twelve (212) hours in a twenty-eight (28) day work period.

The Firefighters suggest that their overtime earnings are not relevant to the back pay owed during the retroactive promotional period. Essentially, the Firefighters argue that whatever overtime compensation they earned as captains should not be used in the determination of back pay owed for their retroactive promotions. The Firefighters maintain that it was error for the Commission to find that they were not entitled to back pay because the Firefighters earned more, due to overtime compensation, as captains than they would have under the base pay for fire district chiefs.

Conversely, NOFD argues the Firefighters benefitted during the retroactive promotion period since they suffered no financial loss because they earned more as captains as opposed to fire district chiefs. As such, NOFD determined that the Commission's February 7, 2019 ruling did not require back pay to the Firefighters. NOFD relies on Civil Service Rule II, § 11.1,[5] which allows for an offset for any wages earned during the period for which back pay is owed. NOFD acknowledges that this rule applies to successful disciplinary appeals, but makes the analogy that the overtime earnings acquired by the Firefighters, which could not have been earned as fire district chiefs, offset their lower base pay as captains.

---

[5] Civil Service Rule II, § 11.1:

> In all appeals to the Commission under these Rules wherein a final judgment has been rendered by either the Commission, the Court of Appeal, Fourth Circuit, or the Louisiana State Supreme Court, immediate steps shall be taken by the City to fully comply with the judgment. This restoration shall include, where appropriate, reimbursement for all back wages and emoluments due and accrued annual and/or sick leave, less an offset for any wages earned during the period for which back pay was restored.

While we make no definitive determination as to NOFD's assertion that Civil Service Rule II, § 11.1 should analogously apply to the case *sub judice*, we find that the Commission did not err in denying the Firefighters' request for back pay. The record reflects that as captains, during the retroactive promotion period, the Firefighters earned the following amounts, which included overtime compensation: (1) Jay Fielding, $261,921.96; (2) Paul Hellmers, $389,665.11; (3) Edward Poole, 282,873.70; and (4) Michael Salvaggio, $295,287.06. The base pay for captains is between $39,119.00 and $59,366.00, while the base pay for fire district chiefs is between $45,169.00 and $74,242.00.

The Commission's April 20, 2021 decision reveals that it considered the Firefighters assertion "that every hour of overtime worked should be paid at a [d]istrict [c]hief level even though, as District Chiefs, they would not have been eligible for any overtime payment, regardless of the hours they worked as exempt employees." The Commission ultimately determined that "to recalculate District Chief pay as suggested by the [Firefighters] would be inconsistent with the uniform pay plan and give rise to potential claims by other members of the [d]istrict [c]hief classification who did not receive additional compensation for exempt hours of work." The Commission found that the personnel director's decision required that the Firefighters be made whole and their earnings during the retroactive promotional period accomplished that goal.

Based on the record before this Court, it cannot be said that the Commission's findings were manifestly erroneous. Even if the Firefighters would have been paid at the highest possible base salary for fire district chiefs during the retroactive promotional period, they would not have earned as much as they actually earned as captains since they would not have been entitled to overtime

compensation. To pay the Firefighters an additional salary as fire district chiefs for the retroactive promotional period would result in compensation as both non-exempt captains and exempt fire district chiefs for the same time period. Thus, we find no error in the Commission's determination that the compensation earned by the Firefighters, during the retroactive promotional period, made them whole and therefore, resulted in no financial loss.

**Legally Conferred Benefit**

The Firefighters also assert that the overtime compensation earned as captains is a "legally conferred benefit" which NOFD cannot use to offset the amount of back pay owed. The Commission determined that no lawful authority "has conferred a benefit on the [Firefighters] beyond what is allowed by Civil Service rules and the Uniform Pay Plan." The Firefighters rely on *New Orleans Firefighters Local 632 v. City of New Orleans*, 2007-1475 (La.App. 4 Cir. 3/5/08), 980 So.2d 760, for the proposition that once a benefit is conferred it cannot be retroactively discarded. In that case this Court found that "once conferred,…benefits cannot be retroactively taken away." *Id.*, 2007-1475, p. 14, 980 So.2d at 769. As recognized by NOFD, our decision in *New Orleans Firefighters Local 632* specifically dealt with statutorily required longevity pay as mandated by La. R.S. 33:1992(B), which is not applicable to the matter currently before this Court. *See Id.*

However, as noted by the Firefighters, overtime compensation is a legally conferred benefit. *See New Orleans Firefighters Ass'n v. Civil Service Comm'n of City of New Orleans*, 422 So.2d 402, 413 (La. 1982) ("The right to receive premium pay for overtime work is certainly a benefit to an employee"). Nonetheless, we do not agree that the overtime compensation earned was used by

8

NOFD to offset the amount of back pay owed for the retroactive promotional period. NOFD did not attempt to retrieve the compensation earned by the Firefighters during the retroactive promotional period. Nor did they subtract the amount of base pay for captains from the base pay for fire district chiefs. NOFD's calculation determined that the Firefighters earned more as captains than they would have as fire district chiefs during that period of time. Additionally, the Commission's ruling did not strip non-exempt employees of the right to earn overtime compensation. The Commission specifically found that no back pay was due because the Firefighters did not suffer a financial loss since they were compensated more as captains as opposed to fire district chiefs. Accordingly, we find no error in the Commission's findings that the Firefighters were not owed back pay for the retroactive promotional period.

### Frivolous Appeal

NOFD seeks frivolous appeal damages in the form of attorney's fees and costs incurred in connection with this appeal. La. C.C.P. art. 2164 provides for the award of damages for a frivolous appeal.[6] "The statute permitting frivolous appeal damages must be strictly construed in favor of the appellant, as it is penal in nature." *Johnson v. Johnson*, 2008-0060, p. 5 (La.App. 4 Cir. 5/28/08), 986 So.2d 797, 801. Appeals are always favored and damages will not be granted unless the appeal is unquestionably frivolous. *Id*. (quoting *Tillmon v. Thrasher Waterproofing*, 2000-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. It

---

[6] La. C.C.P. art. 2164:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

cannot be said that the Firefighters appeal is unquestionably frivolous. The record does not support a finding that the Firefighters attempted to delay the action, do not seriously believe the law they advocate or failed to present a substantial legal question. *See Johnson*, 2008-0060, p. 5, 986 So.2d at 801. Accordingly, we deny NOFD's request for frivolous appeal damages.

## Decree

For the foregoing reasons, we find the Commission did not err in denying the Firefighters' request for back pay, determining that they have been made whole by their salaries as captains during the retroactive promotional period. Accordingly, we affirm the April 20, 2021 ruling of the Commission. NOFD's request for frivolous appeal damages is denied.

**AFFIRMED**