EDDIE WILLIAMS, JR.            *         NO. 2021-CA-0755

VERSUS                     *         COURT OF APPEAL

SEWERAGE & WATER       *         FOURTH CIRCUIT
BOARD
                                *         STATE OF LOUISIANA

* * * * * * *


APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9284
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)


Eddie Williams, Jr.
11679 Pressburg Street
New Orleans, LA 70128


        PLAINTIFF/APPELLANT


Ashley Ian Smith
Darryl Harrison
Yolanda Y. Grinstead
SEWERAGE AND WATER BOARD OF NEW ORLEANS
625 St. Joseph Street
Room 201
New Orleans, LA 70165

        COUNSEL FOR DEFENDANT/APPELLEE


                                    **AFFIRMED**
                                    **AUGUST 26, 2022**

This appeal arises from various civil service disciplinary actions. Eddie Williams, a management development supervisor at the Sewerage and Water Board of New Orleans (the "Board") appeals the Civil Service Commission's (the "Commission") grant of the Board's motion for summary disposition and dismissal of his appeal. For the reasons that follow, we affirm.

**PROCEDURAL BACKGROUND**

On October 9, 2019, Mr. Williams received a letter of reprimand from the Board, and thereafter, timely appealed to the Commission and the matter was assigned docket number 9097. On October 27, 2020, the Commission denied Mr. Williams' appeal. Mr. Williams subsequently appealed the Commission's decision with this Court. *See Williams v. Sewerage & Water Bd.*, 2021-0020 (La. App. 4 Cir. 1/5/22), 334 So.3d 818.

Thereafter, on March 16, 2020, Mr. Williams received a letter from the Board informing him of his three-day suspension. Mr. Williams timely appealed to the Commission and the appeal was docketed as number 9155. On July 13, 2021, the Commission denied Mr. Williams' appeal. Mr. Williams timely appealed the

1

Commission's decision with this Court. *See Williams v. Sewerage & Water Bd.*, 2021-0517 (La. App. 4 Cir. 2/9/22), 335 So.3d 992.

On December 9, 2020, the Board issued a letter informing Mr. Williams of his five-day suspension. Mr. Williams appealed to the Commission, and the matter was docketed as number 9237. Thereafter, on December 17, 2020, the Board issued a notice of pre-termination hearing to Mr. Williams.

On July 2, 2021, Mr. Williams appealed several disciplinary actions he had previously appealed with the Commission, namely, the October 9, 2019 letter of reprimand; the March 16, 2020 three-day suspension; the December 9, 2020 five-day suspension. Mr. Williams also appealed the December 17, 2020 notice of pre-termination hearing. The appeal was docketed as number 9284.

On August 10, 2021, the Board filed a motion for summary disposition, asserting that the Commission lacked subject matter jurisdiction, Mr. Williams had no right to appeal the issues raised, and the appeal had not been timely filed. On November 1, 2021, the Commission issued its order granting the motion for summary disposition. Mr. Williams' timely appeal follows.

**STANDARD OF REVIEW**

"Decisions of the Commission are subject to appellate review on any question of law or fact." *Banks v. New Orleans Aviation Bd.*, 2008-0065, p. 6 (La. App. 4 Cir. 7/9/08), 989 So.2d 819, 823 (citing La. Const. art. X, §12(B); *Walters v. Dep't of Police of New Orleans*, 454 So.2d 106 (La. 1984)). The standard of review in civil service cases is as follows: (1) an appellate court's review of factual findings is governed by the manifest error or clearly erroneous standard; (2) if the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulation, judicial review is not limited to arbitrary, capricious, or abuse of

2

discretion standard; rather, an appellate court exercises its constitutional duty to review questions of law and render a judgment on the record; (3) a legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial; and (4) a mixed question of fact and law should be accorded "great deference" under the manifest error standard of review. *Alexander v. Dep't of Public Works*, 2015-1153, p. 6 (La. App. 4 Cir. 6/22/16), 197 So.3d 776, 779 (citing *Banks v. New Orleans Police Dep't*, 2001-0859, p. 3 (La. App. 4. Cir. 9/25/02), 829 So.2d 511, 513-14).

## DISCUSSION

Mr. Williams' *pro se* brief designates four issues for review:

1. Whether the Board violated its policy and the law by failing to investigate Mr. Williams' reported allegation dated January 30, 2019, alleging that his immediate supervisor retaliated against him for filing a grievance?

2. Whether the Board violated its policy and the law by taking disciplinary actions against him before resolving the issues of his allegation of retaliation?

3. Whether the Board violated its policy and law by failing to notify the Commission of the unresolved nature of an allegation of retaliation submitted by Mr. Williams before engaging in hearings regarding disciplinary actions?

4. Whether the Board deliberately mischaracterized Mr. Williams' emails in order to cover-up its failure to investigate his allegation of retaliation?

### *Summary Disposition*

While Mr. Williams assigns four issues for review, he concedes that the Commission upheld the October 9, 2019 letter of reprimand and the March 16, 2020 three-day suspension. Mr. Williams also concedes that the December 9, 2020 five-day suspension had not been decided by the Commission. Thus, we find no merit in his assigned issues for review.

3

Civil Service Rule II, § 6.1 states:

At any time after an appeal has been docketed, a written request may be filed by any interested party for summary disposition thereof on any of the following exclusive grounds:

(a) that the Commission lacks jurisdiction of the subject matter, or of the person against whom relief is sought,

(b) that the appellant has no legal right of appeal,

(c) that the appeal has not been made in the required manner,

(d) that the appeal has not been timely filed as required by Rule II, Section 4.3 or 4.7 of the Commission's Rules,

(e) that the appeal has become moot,

(f) that the written notice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal grounds for the disciplinary action.

In the instant matter, summary disposition was appropriate. The October 9, 2019 letter of reprimand and the March 16, 2020 three-day suspension was previously ruled on by the Commission on October 27, 2020 and July 13, 2021, respectively. As a general rule, "the final decision of the commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final." La. Const. art. 10, § 12. During the time Mr. Williams filed appeal number 9284, his appeals of the Commission's October 27, 2020 and July 13, 2021 decisions were pending before this Court. Therefore, the Commission no longer had subject matter jurisdiction over the matters. Additionally, as of the date of filing of the instant appeal, this Court has affirmed the Commission's October 27, 2020 and July 13, 2021

4

decisions. Thus, Mr. Williams' appeal of the October 27, 2020 and July 13, 2021 decisions are moot. *See Williams v. Sewerage & Water Bd.*, 2021-0020 (La. App. 4 Cir. 1/5/22), 334 So.3d 818; *see also Williams v. Sewerage & Water Bd.*, 2021-0517 (La. App. 4 Cir. 2/9/22), 335 So.3d 992.

Likewise, Mr. Williams previously appealed the December 9, 2020 five-day suspension to the Commission. In its November 1, 2021 order, the Commission stated that "[t]he five-day suspension dated December 9, 2020, is the subject of separate appeal, and has not yet been decided." Mr. Williams has no right to re-urge the appeal of his five-day suspension. First, Mr. Williams previously appealed his December 9, 2020 five-day suspension to the Commission. Second, Mr. Williams was awaiting the Commission's disposition of his appeal of the five-day suspension when he re-urged the appeal. As such, the Commission was correct in rejecting Mr. Williams' appeal.

Next, we address Mr. Williams' appeal of the pre-termination hearing. Pursuant to La. Const. art. 10, §8(A):

> No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.

The holding of a pre-termination hearing is not in itself a disciplinary action, but a preliminary step in a disciplinary action. *Brown v. Hous. Auth. of New Orleans*, 590 So.2d 1258, 1260 (La. App. 1 Cir. 1991). Therefore, Mr. Williams had no right to appeal the December 17, 2020 notice of pre-termination hearing.

Accordingly, we find no error in the Commission's grant of summary disposition and the dismissal of Mr. Williams' appeal.

*Frivolous Appeal*

In its appellee brief, the Board seeks an award of damages for frivolous appeal. The Board asserts that there were no legal grounds for Mr. Williams' civil service appeal number 9284. The Board further argues that the appeal was not appropriate for the Commission, or this Court.

La. C.C.P. art. 2164 provides that an appellate court may award damages, including attorney fees for frivolous appeals. However, "[t]he statute permitting frivolous appeal damages must be strictly construed in favor of the appellant, as it is penal in nature." *Hellmers v. Dep't of Fire*, 2021-0380, p. 9 (La. App. 4 Cir. 11/10/21), 331 So.3d 408, 414 (quoting *Johnson v. Johnson*, 2008-0060, p. 5 (La. App. 4 Cir. 5/28/08), 986 So.2d 797, 801). Further, appeals are always favored and damages will not be granted unless it is clear that the appeal is frivolous. *Id.* (citing *Tillmon v. Thrasher Waterproofing*, 2000-0395, p. 8 (La. App. 4 Cir. 3/28/01), 786 So.2d 131, 137); *Christoffer v. New Orleans Fire Dep't*, 1999-2658, p. 4 (La. App. 4 Cir. 3/15/00), 757 So.2d 863, 866. Although Mr. Williams' appeal lack merit, in light of his *pro se* status, we do not find that the record supports the award of damages for frivolous appeal. Accordingly, we deny the Board's request.

**CONCLUSION**

For the foregoing reasons, we affirm the Commission's grant of the Board's motion for summary disposition and the dismissal of Mr. Williams' appeal.

**AFFIRMED**

6