786 So.2d 131 (2001)
Vellis TILLMON
v.
THRASHER WATERPROOFING and The Insurance Company of North America.
No. 2000-CA-0395.
Court of Appeal of Louisiana, Fourth Circuit.
March 28, 2001.
*133 J. Browne Larose, III, New Orleans, Counsel for Plaintiff/Appellee.
Mark W. Verret, Gina Puleio Campo, John R. Walker, Allen & Gooch, Metairie, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge TERRI F. LOVE.
LOVE, Judge.
This appeal arises from an award of penalties and attorney's fees to the plaintiff-appellee, Vellis Tillmon, based on the trial court's finding that the defendants-appellants, Thrasher Waterproofing and Insurance Company of North America, arbitrarily and capriciously denied the plaintiff's benefits and medical treatment.

FACTS AND PROCEDURAL HISTORY
The plaintiff-appellee, Mr. Vellis Tillmon, was in the course and scope of his employment with Thrasher Waterproofing ("Thrasher") on April 25, 1991, when he suffered multiple injuries after falling off a ladder at the New Orleans Convention Center. Mr. Tillmon's injuries included right wrist fracture, cracked and dislodged teeth, paracentral disc herniation at C5-C6, and central disc herniation at C6-C7. Despite these injuries, Mr. Tillmon continued to work for nine months until Dr. Ralph Gessner, an orthopedic surgeon, and Dr. John Jackson, a neurosurgeon, placed Mr. Tillmon on disability status.
On March 23, 1993, Dr. Jackson performed anterior cervical dissectomy with fusion at C5-C6 and C6-C7. After the surgery, Mr. Tillmon continued to complain of pain in his neck and right shoulder radiating down his arm. To evaluate the cause of Mr. Tillmon's pain, Dr. Jackson requested a neck CT scan on August 14, 1995, but the defendants refused to authorize the test. On November 6, 1995, Mr. Tillmon underwent a cervical spine x-ray, and Dr. Jackson concluded that the first surgery did not lead to a successful fusion of Mr. Tillmon's spine. Mr. Tillmon remained on disability status, and on February 26, 1996, Dr. Jackson recommended a second surgery to attempt refusion at the C5-C6 level, to remove hypertrophic spurs and calcium, and to decompress the nerve roots and stabilize the spine with a metal plate and screws *134 extending from C5-C7. Dr. Rand Voorhies, the Head of Neurosurgery at Ochsner, concurred with Dr. Jackson's findings. The defendants, however, refused to authorize the surgery and terminated the plaintiff's benefits in November of 1998.
Mr. Tillmon filed a claim for worker's compensation benefits, and a trial on the merits was held on September 29, 1999 to decide the issues of authorization of a second surgery for the plaintiff and reinstatement of benefits. By judgment dated October 26, 1999, the hearing officer held that the plaintiff was entitled to past due benefits and reinstatement of benefits. The trial court also found that a second surgery on the plaintiff's neck was warranted and should have been authorized by the insurer, Insurance Company of North America ("INA").
The trial judge further found that INA acted arbitrarily and capriciously when it failed to authorize the plaintiffs second surgery and terminated plaintiffs benefits. Based on this finding, the trial court applied sections 23:1201 and 23:1201.2 of the Louisiana Revised Statutes and awarded penalties in the amount of $2,000.00 or 12 % of the amount due, whichever is greater, and attorney's fees in the amount of $5,000.00. The trial court, pursuant to request by counsel, issued reasons for its judgment on February 14, 2000.

DISCUSSION
In their first assignment of error, the defendants argue that the trial court erred in finding that Dr. Robert Applebaum's deposition testimony was biased and in disregarding Dr. Applebaum's testimony. The defendants also argue that the trial court did not review Dr. Applebaum's testimony at the time of trial.
Dr. Applebaum is a board-certified neurosurgeon, and at his deposition, both parties stipulated to Dr. Applebaum's expert status. During the nine years that the plaintiff was under medical care for his neck injury, the defendants requested that Dr. Applebaum examine the plaintiff three timesSeptember 13, 1994; December 12, 1995; and February 4, 1998. Dr. Applebaum performed tests on the plaintiff and reviewed the plaintiff's medical history and test results. In addition, Dr. Applebaum viewed videotape of the plaintiff doing manual tasks, including riding a lawn mower, riding a tractor, and picking up trash. After each examination, Dr. Applebaum concluded that Mr. Tillmon had reached maximum medical improvement and could return to moderate work. Dr. Applebaum also suggested that Mr. Tillmon's continued complaints of pain were a sign of malingering.
In its written reasons for judgment, the trial court stated:
Four physicians, including claimant's treating physician, Dr. Jackson, concur that claimant need [sic] a cervical fusion. Only defendant's physician choice, Dr. Applebaum, is of a contrary opinion .... Based upon claimant's testimony relative to his visit to Dr. Applebaum at defendant's request, the court finds Dr. Applebaum to have been compromised in his opinion of claimant's condition, and his opinion can be of no aid to the court.
* * * * *
The only evidence offered by defendant was the opinion of Dr. Applebaum and a videotape surveillance of the claimant. The videotape does not show that claimant can work and, as noted above, the court is of the opinion that Dr. Applebaum's report is obviously biased.
In a worker's compensation case, the appellate court's standard of review is manifest error or clearly erroneous. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Under *135 this standard of review, an appellate court may not set aside a trial court's finding of fact unless it is clearly wrong. After reviewing the entire record, the appellate court must determine if the fact finder's conclusion was reasonable. Where conflicting testimony exists, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed. Id. at 738.
When medical evidence is conflicting, the testimony of the treating physician should be given greater weight because a treating physician's conclusions are based on repeated examinations and sustained observations of the claimant. Brown v. Brook Tarpaulin Co. of New Orleans, 485 So.2d 994, 996 (La.App. 4 Cir.1986). However, a treating physician's testimony must be weighed in light of other credible evidence. Latiolais v. Jernigan Bros., Inc., 520 So.2d 1126, 1129 (La.App. 3 Cir.1987). For instance, if an injury falls within a particular field of medicine, the testimony of a specialist is entitled to more weight than the testimony of a treating physician who is not a specialist. Graziano v. Lallie Kemp Charity Hosp., 400 So.2d 1164, 1166 (La.App. 1 Cir.1981). Further, when determining if a particular medical condition exists, positive findings of medical experts are to be afforded greater weight than the negative findings. Campbell v. Luke Constr. Co., 465 So.2d 688, 690 (La.1985).
In this case, Dr. Applebaum examined the plaintiff at the defendants' request only three times over a nine year period. Dr. Jackson, on the other hand, examined Mr. Tillmon repeatedly throughout the past nine years. Three years after the plaintiff's injury, Dr. Jackson noted that Mr. Tillmon continued to experience neck pain. Based on these sustained observations of the plaintiffs pain and the spinal x-rays of the plaintiffs neck, Dr. Jackson recommended a second surgery. Drs. Voorhies and Gessner concurred in Dr. Jackson's findings.
The trial court appointed Dr. Harry Gould, a neurologist who specializes in pain management, to conduct an independent medical examination. Dr. Gould concluded that the plaintiffs pain was caused by physical trauma as well as emotional trauma. Dr. Jackson testified that Dr. Gould, however, was not qualified to testify as to the plaintiffs need for a second surgery because Dr. Gould is not a surgeon, but is a neurologist.
In light of these conflicting medical opinions, the trial court was not clearly wrong in disregarding Dr. Applebaum's testimony. As the treating physician, Dr. Jackson's findings were given greater weight than Dr. Applebaum's findings. Mr. Tillmon continued to complain of pain nine years after the injury. In light of Mr. Tillmon's subjective complaints, Dr. Jackson's positive findings, which were validated by at least two other physicians, should have been given greater weight than Dr. Applebaum's negative findings. The trial court's findings were reasonable.
The defendant also argues that the trial court did not even review Dr. Applebaum's testimony at the time of trial. On the contrary, the trial court stated that it reviewed the evidence, trial testimony, and the record in reaching its decision. The evidence reviewed by the trial court included Dr. Applebaum's deposition, which was entered as a defense exhibit. Furthermore, to conclude that Dr. Applebaum's testimony was biased, the trial judge had to at least review the testimony. The trial court simply did not find Dr. Applebaum's testimony credible and gave the testimony little weight in rendering its decision. The defendants are mistaking the trial court's disregard of Dr. Applebaum's *136 testimony for failure to even review the evidence.
In its second assignment of error, the defendants argue that the trial court erred in awarding penalties and attorney fees because the defendants' termination of benefits and refusal to authorize the plaintiff's second surgery were based on reasonable medical opinions. To support this argument, the defendants rely on Dr. Applebaum's deposition, the videotape surveillance of the plaintiff, and Dr. Gould's report.
Section 23:1201 (F) of the Louisiana Revised Statutes provides for the greater of $2,000.00 or a twelve percent (12%) penalty on any worker's compensation or medical benefits that an employer fails to pay, unless the employer reasonably controverts the employee's claim for compensation or benefits. A claimant's rights to benefits are "reasonably controverted" if the employer's factual and medical information reasonably counters that of the claimant. Connor v. Jones Bros. Enterprises, 606 So.2d 996, 1004 (La.App. 4 Cir.1992). Employers must demonstrate that they made reasonable efforts to medically ascertain the worker's exact condition before denying benefits. "An employer has an ongoing duty to review medical reports concerning an injured employee's disability, and may not deny or discontinue compensation based on inconclusive medical reports." Blanque v. City of New Orleans, 612 So.2d 948, 952 (La.App. 4 Cir.1993).
If an employer's discontinuance of compensation or benefits is arbitrary, capricious, or without probable cause, the employer must pay all reasonable attorney fees. LA. REV. STAT. ANN. § 23:1201.2. Whether refusal to pay benefits is arbitrary and capricious depends on the facts known to the employer at the time of the refusal. Beddes v. Qwik Pantry, 29,657 (La.App. 2 Cir. 6/18/97), 697 So.2d 695, 698. The determination of whether an award of penalties and attorney fees is warranted is a question of fact that shall not be disturbed unless manifestly erroneous or clearly wrong. Price v. City of New Orleans, 95-1851 (La.App. 4 Cir. 3/27/96), 672 So.2d 1045, 1051.
In this case, the defendant terminated Mr. Tillmon's benefits in November of 1998. The treating physician, Dr. Jackson, recommended the second surgery on February 26, 1996 and the defendants failed to authorize that surgery. Although the defendants requested that Dr. Applebaum examine Mr. Tillmon on three occasions, the trial court's finding that the defendants acted arbitrarily and capriciously is not clearly wrong. When the defendants terminated Mr. Tillmon's benefits and failed to authorize his second surgery, they had medical reports from four physicians: Drs. Jackson and Gessner, who recommended surgery; Dr. Applebaum, who concluded that Mr. Tillmon could do moderate work; and Dr. Gould, who recommended pain medications. These medical reports were inconclusive. Instead of fulfilling their ongoing duty to ascertain Mr. Tillmon's precise medical condition and to review additional medical reports, the defendants relied on the report of their chosen physician, Dr. Applebaum, to justify their denial of Mr. Tillmon's surgery and benefits. The trial court's award of penalties and attorney fees is not clearly wrong.

APPELLEE'S ANSWER TO APPEAL:
Mr. Tillmon filed an answer to this appeal seeking attorney fees and costs in connection with the appeal as well as an increase in the $5000 in attorney fees awarded by the trial court. Mr. Tillmon asserts that he is also entitled to damages for having to defend a frivolous appeal.
*137 When the defendant in a worker's compensation case appeals and obtains no relief, and when the appeal has necessitated additional work on the part of plaintiff's counsel, the appellate court usually awards an increase in attorney fees, provided that the plaintiff has requested the increase in accordance with proper appellate procedure. Miller v. City of New Orleans, 95-1005 (La.App. 4 Cir. 12/14/95), 665 So.2d 1293, 1300.
Under section 2164 of the Louisiana Code of Civil Procedure, an appellate court may award damages for frivolous appeal. An appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates. Francis v. O'Neal, 26,193, 26,194 (La.App. 2 Cir. 10/26/94), 645 So.2d 236, 237. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted. George v. M & G Testing and Serv., Inc., 95-31 (La.App. 3 Cir. 7/19/95), 663 So.2d 79, 86.
This court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process, and we decline to do so in this case. Based on the record, the parties' briefs and oral arguments, the appeal is not unquestionably frivolous and damages are not warranted.
However, we do award the plaintiff additional attorney fees for the defense of this appeal. The appeal has necessitated additional work on the part of plaintiff's counsel and the defendant has obtained no relief on appeal. The plaintiff properly requested attorney's fees associated with the appeal; therefore, we award the plaintiff additional attorney fees in the amount of $2,500.00.
The judgment in favor of plaintiff is amended to award an additional $2,500.00 in attorney's fees. In all other respects, it is affirmed.
AMENDED AND AS AMENDED, AFFIRMED.