# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2016

Lyle W. Cayce
Clerk

No. 15-30083
Summary Calendar

DWAYNE G. ALEXANDER, individually and doing business as Worldwide Detective Agency, Incorporated,

Plaintiff-Appellant

v.

CANNON COCHRAN MANAGEMENT SERVICES, INCORPORATED; MARK C. CARVER; LAWRENCE W. FERGUSON & ASSOCIATES; LAWRENCE W. FERGUSON; NEW ORLEANS CITY; CARLOS O. AYESTAS, JR.; TRAVELERS CASUALTY and SURETY COMPANY OF AMERICA; ANGELLA H. MYERS; JERRY R. ARMATIS; BRYAN THOMAS; MYERS LAW GROUP, L.L.P.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1087

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Dwayne G. Alexander has applied for leave to proceed in forma pauperis (IFP) for an appeal from the district court's order and judgment dismissing his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30083

civil action and denying his motion to remand the case to the state court. The district court determined that non-diverse defendants had been improperly joined because Alexander's tort claims against them were prescribed, that the tort claims against the remaining defendants were prescribed, and that Alexander's breach of contract claims against the remaining defendants were barred as res judicata.

As Alexander has failed to address the district court's reasoning, he has not shown that the district court erred in determining that his appeal has not been taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 199-200, 202 (5th Cir. 1997). Because the appeal is frivolous, the request for leave to proceed IFP is DENIED and the appeal is DISMISSED. *See id.* at 202 n.24.

The appellees' motions for sanctions are DENIED.

Alexander is WARNED, however, that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of progressively severe sanctions, which may include monetary penalties and restrictions on his ability to file pleadings and other documents in this court and in any court subject to this court's jurisdiction. Alexander should review any pending appeals and actions and move to dismiss any that are frivolous. His failure to do so will result in the imposition of sanctions. This warning supplements and does not displace the sanctions orders of the district court.