| DWAYNE ALEXANDER | * | NO. 2019-CA-0778 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| LOUISIANA STATE BOARD | * | |
| OF PRIVATE INVESTIGATOR | | FOURTH CIRCUIT |
| EXAMINERS, PHYLLIS | * | |
| GLAZER, JAMES P. | | STATE OF LOUISIANA |
| ENGLADE, LANCE | * * * * * * * | |
| WALLACE, ANNETTE | | |
| KOVAC, AND MEEKS AND | | |
| ASSOCIATES | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-00711, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Daniel L. Dysart, Judge Paula A. Brown)

**BROWN, J., CONCURS IN THE RESULT**

Dwayne Alexander
1515 South Salcedo Street
P.O. BOX 791407
New Orleans, LA 70179

     PLAINTIFF/APPELLANT, PRO SE

Donald C. Douglas, Jr.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach, Suite B
Mandeville, LA 70471

     COUNSEL FOR PLAINTIFF/APPELLANT, DWAYNE ALEXANDER

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804—9005

AND

Davis B. Allgood
DAVIS B. ALLGOOD, ATTORNEY AT LAW
Special Assistant Attorney General
21950 Hoo Shoo Too Rd
Baton Rouge, LA 70817

      COUNSEL FOR DEFENDANT/APPELLEE, LOUISIANA STATE
      BOARD OF PRIVATE INVESTIGATOR EXAMINERS

Dennis J. Phayer
BURGLASS & TANKERSLEY, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602

      COUNSEL FOR DEFENDANTS/APPELLEES, JAMES ENGLADE AND
      LANCE WALLACE

S. Daniel Meeks
Phyllis E. Glazer
MEEKS & ASSOCIATES, LLC
3401 West Esplanade Avenue South, Suite 3
Metairie, LA 70002

      COUNSEL FOR DEFENDANTS/APPELLEES, PHYLLIS E. GLAZER
      AND MEEKS AND ASSOCIATES, L.L.C.

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804—9005

AND

Deborah A. Villio
Special Assistant Attorney General
Michael L. Fantaci
James C. Raff
LEBLANC FANTACI VILLIO, LLC
3421 N. Causeway Blvd., Suite 201
Metairie, LA 70002

      COUNSEL FOR DEFENDANT/APPELLEE, ANNETTE KOVAC

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

**April 1, 2020**

TFL
DLD

This appeal arises from a suit for fraud and defamation. The plaintiff has a lengthy history of filing numerous lawsuits alleging defamation based on the use of a document as evidence in other pending legal actions. In the present matter, the plaintiff contends the defendants defamed him while in the course and scope of working on another, separate lawsuit. The defendants filed numerous exceptions and a special motion to strike. Because the parallel suit in which the alleged fraud and defamation took place remains pending, the trial court found the suit premature. The trial court also granted a special motion to strike. Plaintiff's claims were dismissed without prejudice and he was ordered to pay attorney's fees.

We find the trial court correctly dismissed the plaintiff's claims as premature because the underlying matter remains pending. We find that the trial court erred by dismissing the motion for sanctions pursuant to La. C.C.P. art. 863. As such, we remand the matter to the trial court for a determination on those sanctions, as well as for an increase in sanctions based on the special motion to strike. Upon review, we deem the plaintiff's appeal frivolous, such that the award of damages,

1

attorney's fees, and costs is warranted. The trial court's judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Dwayne Alexander filed suit against a group of defendants contending that they conspired to commit fraud and defamation. The facts leading up to this suit were summarized in a previous appeal to this Court as follows:

> In November, 1997, Mr. Alexander obtained a license to practice as a private investigator from the Board. Until November 2006, he held a valid private investigator license. When he was licensed, Mr. Alexander was subject to the rules and regulations governing the practice of private investigators, as promulgated and enforced by the Board and set forth in La. R.S. 37:3501 *et seq.* ("the P.I. Statutes").
>
> Soon after obtaining his license, Mr. Alexander formed his own private investigator company, World Wide Detective Agency, Inc. ("World Wide"); and he employed other investigators to work for him. In 2000, Mr. Alexander began performing contract work for the City of New Orleans (the "City"), investigating worker's compensation claims. In 2006, Mr. Alexander entered into a contract with the City's third party claims administrator, Cannon Cochran Management Services, Inc. ("CCMSI"), to become their Disadvantage Business Enterprise ("DBE") partner. From 2006 to February 2009, Mr. Alexander continued to investigate worker's compensation claims for the City under his DBE contract with CCMSI. In November 2006, Mr. Alexander decided not to renew his private investigator license and allowed his license to expire. *See* La. R.S. 37:3517. According to Mr. Alexander, his work for the City under the DBE contract with CCMSI did not require him to be licensed as a private investigator given the exemptions enumerated in La. R.S. 37:3503(8)(b)(i), (iv), and (viii).
>
> Before his license expired in 2006, Mr. Alexander received two notices from the Board that complaints had been filed against him. Both complaints—the Phenix and Caesar complaints—involved allegations of professional

2

misconduct against Mr. Alexander. The Board opened investigations into the two complaints, and Mr. Alexander was provided the opportunity to respond to the complaints. As of November 14, 2006, the date Mr. Alexander's license expired, the Board's investigation of the complaints was not completed. On December 6, 2006, the Board sent a letter to Mr. Alexander informing him that the two complaints filed against him had not been resolved as of the date that his license expired and that his license would not be renewed until a hearing was held with the Board's investigatory officer. The letter further informed Mr. Alexander of the possibility that he "may have violated state criminal law during one of those investigations" and that the matter would be turned over to the State Police for investigation.

On February 16, 2009, the Board received a complaint letter and a large binder ("the Centanni Binder") from a private investigator, Wayne Centanni. In the letter, Mr. Centanni complained that Mr. Alexander had been conducting private investigation work with CCMSI for the City without holding a valid license; and Mr. Centanni requested that the Board conduct a full investigation into Mr. Alexander and his business dealings. The Centanni Binder contained a background investigation of Mr. Alexander and his private investigator company, which consisted of a large volume of personal and professional information that Mr. Centanni had compiled from various sources. The Centanni Binder also included records obtained from the Board through a public records request filed by Mr. Centanni on February 12, 2009. The Board's records disclosed information about Mr. Alexander's license and his expunged criminal convictions, all of which Mr. Centanni included in the Centanni Binder.

Mr. Centanni sent copies of the letter and the Centanni Binder to CCMSI, the City Attorney's Office, the Metropolitan Crime Commission ("MCC"), Lee Zurik at WWL–TV, and several others. Upon receiving the Centanni Binder, CCMSI contacted Mr. Alexander and held a meeting with him. At the meeting, Mr. Alexander informed of the Centanni Binder and its contents. Subsequently, in February 2009, Mr. Alexander's DBE contract with CCMSI and the City was terminated.

On February 27, 2009, the Board issued a cease and desist order directed to Mr. Alexander, which stated as follows:

> Pursuant to the authority of La. R.S. 37:3522, the Louisiana State Board of Private Investigator Examiners orders that Dwayne Alexander, who the Board finds to be engaged in the practice of private investigation in the State of Louisiana in violation of La. R.S. 37:3500 et seq., be and is hereby ordered to cease and desist from such activity.

Annette Kovac, the Board's Chairman, signed the cease and desist order. On March 4, 2009, the Board's Executive Director, Mr. Englade, hand-delivered the cease and desist order to Mr. Alexander.

On May 12, 2009, Mr. Alexander sent two letters to the Board complaining that its actions—disclosing personal, confidential records to Mr. Centanni and issuing the cease and desist order without a hearing—resulted in the loss of his contract with CCMSI and the City. Mr. Alexander also filed a formal complaint with the Board against Mr. Centanni and submitted a public records request for the documents the Board furnished to Mr. Centanni.

In July 2009, Mr. Alexander filed suit against Mr. Centanni in Orleans Parish Civil District Court ("CDC") alleging unfair trade practices. Mr. Alexander also filed suit against CCMSI in United States District Court for the Eastern District of Louisiana alleging wrongful termination. Within a year of the lawsuits being filed, both were dismissed.

In January 2011, Mr. Alexander worked a contract job investigating a worker's compensation claim for the St. Charles Parish School Board (the "School Board"). In May 2011, the MCC contacted the St. Charles Parish School Board Superintendent (the "Superintendent") after receiving an anonymous tip that Mr. Alexander was conducting private investigations in St. Charles Parish without a valid license. The MCC informed the Superintendent that Mr. Alexander lacked a valid license to perform private investigator work and that, on February 27, 2009, he was issued a cease and desist order. The MCC also provided information about Mr. Alexander's criminal background. Based on the information provided by the MCC, the Superintendent

4

contacted the St. Charles Parish Sheriff's Office and requested that an investigation be conducted into whether Mr. Alexander had a valid private investigator license at the time he performed work for the School Board.

In the course of his investigation, Captain Donald Smith of the St. Charles Parish Sheriff's Office contacted the Board by email and explained the nature of his investigation. Captain Smith requested that the Board provide documentation as to whether Mr. Alexander held a valid private investigator license in January 2011. He also requested that the Board provide the relevant state statutes setting forth the penalty for conducting private investigations without a valid private investigator license. In response to his inquiry, Captain Smith received a phone call from Mr. Englade. Mr. Englade informed Captain Smith that the Board had served Mr. Alexander with the cease and desist order in March 2009 and that order was still in effect. Mr. Englade further informed Captain Smith that if, in fact, Mr. Alexander had conducted private investigations in St. Charles Parish in 2011, he would be in violation of the P.I. Statutes. After that discussion, the Board faxed to Captain Smith a copy of the cease and desist order, the table of contents for the P.I. Statutes (La. R.S. 37:3500–25), and the statute providing the penalties for violating the P.I. Statutes (La. R.S. 37:3521). Based on his investigation, Captain Smith completed an arrest warrant affidavit, charging Mr. Alexander with a violation of La. R.S. 37:35206 by providing contract or private investigator services to the Board without possessing a valid license. On June 23, 2011, an arrest warrant for Mr. Alexander was signed and issued by the Twenty–Ninth Judicial District Court in St. Charles Parish ("29th JDC").

In October 2011, Mr. Alexander discovered the outstanding arrest warrant for him in St. Charles Parish. Upon discovering the arrest warrant, he turned himself in to the police. At the time of his arrest (on October 24, 2011), Mr. Alexander learned that he was being charged with conducting private investigation without a valid private investigator license. On the next day, October 25, 2011, the Times–Picayune newspaper reported on Mr. Alexander's arrest as a result of the investigation by the St. Charles Parish Sheriff's Office into his work for the School Board in January 2011.

5

On December 19, 2012, the 29th JDC judge ordered the State to produce to Mr. Alexander the State's evidence file in the criminal case against him on the charge of violating La. R.S. 37:3520.

On January 14, 2013, Mr. Alexander filed the instant suit against the Defendants. Mr. Alexander averred in his petition that the Board and Mr. Englade, individually and in his official capacity, violated his constitutional rights and defamed him by issuing the cease and desist order in 2009. He also averred that the Defendants violated state public records laws and Board's regulations by disclosing his expunged criminal records. Finally, he averred that the Defendants 'defamatory and tortious conduct against him was continuing and undiscoverable from 2009 until December 19, 2012, when he received the State's evidence in the criminal case against him in the 29th JDC.

On March 5, 2013, the Defendants filed multiple exceptions, including no cause of action, prescription, and improper venue. Following a hearing on the exceptions, the trial court granted the Defendants ' exception of no cause of action and allowed Mr. Alexander twenty days to amend his petition to state a cause of action. The trial court also granted the Defendants 'exception of improper venue as to Mr. Alexander's claims under the Public Records Act. The trial court denied the Defendants 'exception of prescription.

On May 31, 2013, Mr. Alexander filed a first supplemental and amended petition. In his amended petition, Mr. Alexander enumerated the following five causes of action: (1) slander and defamation (2006–2013); (2) defamation and slander (2011–2013); (3) continuing defamation and slander *per se*; (4) damages for violation of state law affecting petitioner; and (5) breach of duty to investigate and disseminate truthful information.

On July 29, 2013, the Defendants filed a second set of exceptions, a motion for sanctions and attorney's fees, and a motion to strike pursuant to La. C.C.P. art. 971. On September 20, 2013, these matters were heard by the trial court. In its October 16, 2013 judgment, the trial court overruled the Defendants 'exceptions of no cause of

action and prescription and denied their motion to strike and motion for sanctions.

On December 10, 2013, the Defendants filed an answer and a reconventional demand. In their answer, the Defendants asserted multiple affirmative defenses, including discretionary immunity and quasi-judicial immunity. In their reconventional demand, the Defendants asserted a claim of abuse of process against Mr. Alexander.

On September 18, 2014, Mr. Alexander filed a motion for partial summary judgment on the issue of whether he was exempt from the P.I. Statutes, pursuant to La. R.S. 37:3503, while working under his DBE contract with the City from 2006 to 2009 and while working for the St. Charles Parish School Board in 2011. On October 8, 201 [sic], the trial court denied Mr. Alexander's motion for partial summary judgment.

On November 3, 2014, the Defendants filed a motion for summary judgment seeking dismissal of Mr. Alexander's claims and a judgment against Mr. Alexander on their reconventional claim of abuse of process. In their summary judgment motion, the Defendants also re-urged their exception of prescription and asserted quasi-judicial immunity and conditional privilege as a bar to Mr. Alexander's claims against them. At the November 14, 2014 hearing, the trial court overruled the exception of prescription, finding no reason to revisit the issue, and denied the motion for summary judgment, finding there were issues of material fact appropriate for a jury to resolve.

In December 2014, a jury trial was held in this matter. At the close of Mr. Alexander's evidence and before the submission of the case to the jury, the Defendants moved for a directed verdict and dismissal of Mr. Alexander's claims based on prescription. After brief argument, the trial court found "sufficient evidence of an interruption of prescription" and denied the Defendants 'motion for directed verdict. On the following day, the trial court instructed the jury on the applicable law and submitted a general verdict form with multiple jury interrogatories to the jury. The jury instructions and interrogatories set forth the following four causes of action against the Defendants for the jury to decide: (1) defamation; (2) abuse of process; (3) intentional infliction of emotional

7

distress; (4) violation of a constitutional right under color of law. Neither Mr. Alexander nor the Defendants raised any objection to the jury instructions or jury interrogatories presented to the jury.

On December 18, 2014, the jury returned its verdict. The jury found the Defendants not liable on two of the four claims—intentional infliction of emotional distress and violation of Mr. Alexander's constitutionally protected rights. The jury found the Defendants liable to Mr. Alexander for the other two claims—defamation and abuse of process—and awarded a total of $300,000 in damages. On January 5, 2015, the trial court entered judgment in accord with the jury's verdict. Both the Defendants and Mr. Alexander filed motions for new trial. On March 10, 2015, the trial court denied both motions.

On January 30, 2015, Mr. Alexander filed a petition to annul the jury verdict based on fraud and ill practice under La. C.C.P. art. 2004. In his petition to annul, Mr. Alexander alleged that the jury verdict resulted from perjured testimony and fabricated evidence presented by the Defendants at trial. In response, the Defendants filed a motion for summary judgment, arguing that Mr. Alexander's allegations of misconduct should have been raised in a motion for mistrial. On May 8, 2015, the trial court granted the Defendants 'motion for summary judgment and dismissed with prejudice Mr. Alexander's petition to annul the jury verdict.

*Alexander v. La. State Bd. of Private Investigator Exam'rs*, 15-0537, pp. 2-12 (La. App. 4 Cir. 2/17/17), 211 So. 3d 544, 549–54, *writ denied*, 17-0571 (La. 5/26/17), 221 So. 3d 855, and *writ denied*, 17-0607 (La. 5/26/17), 221 So. 3d 857. On review, this Court determined that Mr. Alexander's claims based on pre-2011 actions and his abuse of process claims were prescribed. *Id.*, 15-0537, p. 48, 211 So. 3d at 573. The remaining judgment was affirmed. *Id.*

Mr. Alexander then filed a Petition for Fraud and Defamation against the Louisiana State Board of Private Investigator Examiners ("LSBPIE"), Phyllis

Glazer (individually and as the attorney for LSBPIE), James Englade (individually and as the Executive Director for LSBPIE), Annette Kovac (individually and as a board member of LSBPIE), Lance Wallace (individually and as a board member of LSBPIE), and Meeks & Associates, LLC ("Meeks") (Ms. Glazer's employer) (collectively "Defendants") alleging that the Defendants conspired to defame him by "circulating a false Cease and Desist Order"[1] and fraudulently inducing him to settle claims in a pending lawsuit tangentially related to the factual scenario summarized above.

Ms. Kovac filed an exception of No Cause of Action. Attorney Glazer and Meeks filed a Motion for Sanctions and Injunctive Relief as well as Exceptions of Prematurity, Lis Pendens, and Improper Venue. Mr. Englade and Mr. Wallace filed Exceptions of No Cause of Action, Prematurity, and Vagueness. Likewise, LSBPIE filed Exceptions of No Cause of Action, Prematurity, and Vagueness. LSBPIE also filed a Special Motion to Strike pursuant to La. C.C.P. art. 971.

Mr. Alexander then filed a First Supplemental and Amending Petition adding Davis Allgood, as attorney for LSBPIE, as a defendant. Mr. Alexander attempted to file the First Supplemental and Amending Petition *ex parte*. Most of the defendants objected.[2] Contending a conflict of interest prevented Attorney Glazer and Meeks from serving as counsel, Mr. Alexander filed a Motion to Disqualify them. Mr. Alexander filed a Motion for Insufficiency of Service of Process of the Defendants' Exceptions and Motion to Strike.

---

[1] The cease and desist order was mentioned and attached to filings in the underlying litigation. Essentially, Mr. Alexander files a lawsuit when an attorney mentions the cease and desist order or attaches a copy to a filing as evidence.
[2] It is unclear from the record whether the trial court allowed the filing of First Supplemental and Amending Petition.

Following these numerous filings, the trial court conducted a thorough hearing and issued a judgment containing the following rulings:

1) The peremptory exceptions filed by LSBPIE and Ms. Kovac, as well as the dilatory exceptions filed by Mr. Englade, Mr. Wallace, Attorney Glazer, and Meeks are sustained due to the pendency of case 2018-2072 in the trial court;
2) All remaining exceptions are overruled as moot;
3) Motion for Sanctions filed by Attorney Glazer and Meeks is denied without prejudice;
4) Motion to Transfer is denied;
5) Motion to Disqualify Attorney Glazer and Meeks is denied;
6) Mr. Alexander's Exception of Insufficiency of Service of Process is denied;
7) LSBPIE's Special 971 Motion to Strike is granted;
8) Mr. Alexander is ordered to pay LSBPIE $1,500 for attorney's fees; and
9) Mr. Alexander's claims are dismissed without prejudice.

Mr. Alexander's notice of appeal followed.

Attorney Glazer and Meeks filed an Answer to Mr. Alexander's appeal seeking reversal of the trial court's denial of sanctions pursuant to La. C.C.P. art. 863, an injunction preventing Mr. Alexander from filing further suits, attorney's fees and costs, and damages for a frivolous appeal. Mr. Englade and Mr. Wallace also filed an Answer requesting damages and costs for defending a frivolous appeal. LSBPIE filed an Answer seeking an increase in the attorney's fees award by the trial court pursuant to La. C.C.P. art. 971 based on defending the appeal, as well as attorney's fees and costs for the frivolous appeal.

### PREMATURITY[3]

---

[3] Though the trial court's judgment specifically states:

Mr. Alexander frames the central issue in his self-authored appellant brief as follows: "The trial court committed legal error when it failed to consider that the under lying case . . . had decided the issue of the cease and desist order's falsity, permitting the instant defamation action." However, Mr. Alexander is essentially questioning the legality of the trial court's granting the exception of prematurity.

"An exception is a means of defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him." La. C.C.P. art. 921. Prematurity is a dilatory exception. La. C.C.P. art. 926. "If the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory shall be dismissed." La. C.C.P. art. 933(A).

This Court previously summarized the law on prematurity as follows:

> A suit is premature if it is brought before the right to enforce it accrues. La.Code Civ. Proc. Art. 423; *see also Moreno v. Entergy Corp.*, 10–2268, p. 3 (La.2/18/11), 64 So.3d 761, 763, *citing* La.Code Civ. Proc. Art. 926 (The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination.) "Prematurity is determined by the facts existing at the time the suit is filed." *Sevier v. U.S. Fidelity & Guar.*

---

The peremptory exceptions filed by the defendant Louisiana State Board of Private Examiners ( Board ) and Annette Kovac, and the dilatory exceptions filed by the defendants James P. Englade, Lance Wallace, Phyllis Glazer, and Meeks and Associates, L.L.C., are sustained because of the pendency of Suit No, 2018-2072;

we pretermit a discussion of the exceptions other than prematurity, as resolution of the exception concludes the matter. However, out of an abundance of caution, this Court notes that "[i]t is well-established that a cause of action for defamation based on allegations or statements made in a judicial proceeding does not arise until those judicial proceedings have reached a final and definitive disposition." *Hillman v. U.S. Aviation Underwriters*, 509 So. 2d 125, 127 (La. App. 1st Cir. 1987). *See also Smith v. Barial*, 18-0573, p. 7 (La. App. 4 Cir. 12/19/18), ___ So. 3d ___, ___, 2018 WL 6683311, *4 ("well-settled jurisprudence establishes that an action against a party arising out of pending judicial proceedings cannot be brought until the pending proceedings have been terminated").

11

> *Co.*, 497 So.2d 1380, 1382 (La.1986). Evidence may be introduced to support or controvert the exception, when the grounds do not appear from the petition. La.Code Civ. Proc. Art. 930. We review a judgment sustaining a dilatory exception of prematurity for manifest error. *See Pinegar v. Harris*, 08–1112, p. 10 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081, 1088.

*Jefferson Door Co., Inc. v. Cragmar Const., L.L.C.*, 11-1122, p. 3 (La. App. 4 Cir. 1/25/12), 81 So. 3d 1001, 1004. "However, when resolution of an exception of prematurity involves a question of law, the appellate court undertakes a *de novo* review." *Landis Const. Co., LLC v. Reg'l Transit Auth.*, 15-0854, p. 6 (La. App. 4 Cir. 5/25/16), 195 So. 3d 598, 602.

"It is well-established that a cause of action for defamation based on allegations or statements made in a judicial proceeding does not arise until those judicial proceedings have reached a final and definitive disposition." *Hillman*, 509 So. 2d at 127. *See also Ortiz v. Barriffe*, 523 So. 2d 896, 898 (La. App. 4th Cir. 1988); *Marionneaux v. King*, 331 So. 2d 180, 182 (La. App. 1st Cir. 1976).

Mr. Alexander's claims of alleged defamation arose within the context of suit 2018-2072 currently pending before the trial court. This fact is undisputed save for Mr. Alexander's assertion that the matter is not premature because the cease and desist order was previously labeled as defamatory. *Alexander*, 15-0537, 211 So. 3d 544. Accordingly, as the judicial proceeding giving rise to Mr. Alexander's allegations of defamation has not yet concluded, the trial court did not err by granting the Exception of Prematurity and dismissing Mr. Alexander's suit.

### *SPECIAL MOTION TO STRIKE*

Mr. Alexander contends that the trial court erred by granting LSBPIE's Special Motion to Strike pursuant to La. C.C.P. art. 971 because there was no service of the motion and the statute does not apply. Specifically, in regards to service of the motion, Mr. Alexander states that while there is a signed return on the motion in the record, the signature does not match his own. He contends that "a person identified as 'A Dwuane'" signed the return.

La. C.C.P. art. 1313 provides, in pertinent part, that

    A. Except as otherwise provided by law, every pleading subsequent to the original petition, and every pleading which under an express provision of law may be served as provided in this Article, may be served either by the sheriff or by:

       (1) Mailing a copy thereof to the counsel of record, or if there is no counsel of record, to the adverse party at his last known address, this service being complete upon mailing.

       *           *           *

    C. Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier.

The record contains a signed return on service of LSBPIE's Special Motion to Strike. We find the record dispositive on the issue of service. Therefore, the trial court did not err by denying Mr. Alexander's Motion for Insufficiency of Service of Process as it relates to the Special Motion to Strike.[4]

***Merits***

---

[4] Mr. Alexander has a history of contesting service. *See Alexander v. Blue Williams, L.L.P.*, 18-0776, p. 11 (La. App. 4 Cir. 1/23/19), ___ So. 3d ___, ___, 2019 WL 302078, *7, *writ denied*, 19-00432 (La. 9/6/19), 278 So. 3d 370, and *writ denied*, 19-00435 (La. 9/6/19), 278 So. 3d 372, and *writ denied,* 19-00431 (La. 9/6/19), 278 So. 3d 968.

Notwithstanding service of the Special Motion to Strike, Mr. Alexander avers that LSBPIE failed to demonstrate that La. C.C.P. art. 971 substantively applies to the instant matter.

"La. C.C.P. art. 971 was enacted 'to screen out meritless claims pursued to chill one's constitutional rights under the First Amendment of the United States Constitution to freedom of speech and press.'" *Shelton v. Pavon*, 16-0758, p. 3 (La. App. 4 Cir. 2/15/17), 212 So. 3d 603, 606 (quoting *Lee v. Pennington*, 02-0381, p. 4 (La. App. 4 Cir. 10/16/02), 830 So. 2d 1037, 1041; *Melius v. Keiffer*, 07-0189, p. 2 (La. App. 4 Cir. 3/12/08), 980 So. 2d 167, 170. La. C.C.P. art. 971(A) provides:

> A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.

"The party filing the special motion to strike has the initial burden of proving that 'the cause of action arises from an act in the exercise of his right of free speech regarding a public issue.'" *Shelton*, 16-0758, p. 3, 212 So. 3d at 607 (quoting *Melius*, 07-0189, p. 3, 980 So. 2d at 171). Then, "[i]f the mover meets this threshold requirement, the burden shifts to the party opposing the motion and must demonstrate a probability of success on the claim." *Id.*, 16-0758, pp. 3-4, 212 So. 3d at 607.

Mr. Alexander contends that La. C.C.P. art. 971 does not apply to the present matter. However, the statute provides, in pertinent part:

14

> (1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:
>
> (a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
>
> (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

La. C.C.P. 971(F)(1).

Mr. Alexander's defamation claims arise from the context of written statements and representations during the 2018-2072, the still pending litigation. Additionally, as LSBPIE is a public state board, the communications at issue in the suit wherein Mr. Alexander alleges improper activities, are a matter of public concern. Thus, LSBPIE met the initial burden of proof. The burden then shifted to Mr. Alexander to demonstrate a probability of success on his claim. The trial court dismissed Mr. Alexander's claims based on prematurity, thereby negating his probability of success. Accordingly, we do not find that the trial court erred by granting LSBPIE's Special Motion to Strike.

### Increase in Sanctions for La. C.C.P. art. 971

In its Answer to the appeal, LSBPIE contends that we should increase the amount of attorney's fees awarded regarding the Special Motion to Strike based on defending this appeal. We agree. La. C.C.P. art. 971(B) states that "a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs." As the prevailing party on appeal, LSBPIE is entitled to an increase in attorney's fees and costs. Therefore, the matter is remanded for the trial court to

15

determine additional reasonable attorney's fees and costs based on the appeal.

## *EXCEPTIONS OF ANNETTE KOVAC*

Mr. Alexander asserts that the trial court erred by granting Ms. Kovac's Exception of No Cause of Action because he was not served with the pleading.

The trial transcript clearly reflects that once the trial court deemed Mr. Alexander's suit was premature and also granted LSBPIE's Special Motion to Strike, the remaining exception filed by Ms. Kovac was moot. The following colloquy occurred between counsel for Ms. Kovac and the trial court:

> MR. FANTACI:
> Before we move on, I've been very patient. I've let everybody else speak. My client had an exception of no cause of action pending. In light of your ruling that this lawsuit is premature and can't stand, I just want to clarify that all of the claims against my client, as well, are being dismissed.
>
> JUDGE ERVIN-KNOTT:
> They are.
>
> MR. FANTACI:
> And I guess my cause of action is moot as a result.
>
> JUDGE ERVIN-KNOTT:
> As a result.
>
> MR. FANTACI:
> I want that to be clear for the record.
>
> JUDGE ERVIN-KNOTT:
> It's like a domino effect. Of course Mr. Alexander can go before the suit that's pending before -- that arises out of the actions that he's claiming, the 2018, which is the basis of the suit that's pending here, that goes before Judge Griffin. And I understand their motions to transfer to "F" and then to "C", whatever it is. The one that's here is done.
>
> MR. ALLGOOD:

So what I would propose. Your Honor, is to submit a judgment on all of the exceptions and the motion to strike, disposing of all of them, and granting the exceptions and a motion to strike, leaving a blank for my attorney's fees, and I will submit an affidavit with attorney's fees related only to the motion to strike.

Further, irrespective of whether Mr. Alexander was served with Ms. Kovac's Exception of No Cause of Action, exceptions of no cause of action were also filed by LSBPIE, Mr. Englade, and Mr. Wallace. Thus, we find Mr. Alexander's contention lacks merit.

## *SANCTIONS*

Ms. Glazer and Meeks filed an Answer to Mr. Alexander's appeal asserting that the trial court erred by denying their Motion for Sanctions pursuant to La. C.C.P. art. 863.

La. C.C.P. art. 863 provides:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

17

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

The article "imposes a duty of reasonable inquiry on a party—including a *pro se* litigant—signing pleadings." *Mendonca v. Tidewater, Inc.*, 11-0318, p. 8 (La. App. 4 Cir. 9/7/11), 73 So. 3d 407, 414.

18

The trial court denied the Motion for Sanctions finding that the trial court division for the underlying case, 2018-2072, should assess any La. C.C.P. art. 863 sanctions and or injunctions. "Appellate court review of the fact finding of an Article 863 violation is under the manifest error standard." *Mendonca*, 11-0318, p. 8, 73 So. 3d at 413.

Attorney Glazer and Meeks' Motion for Sanctions filed with the trial court was based upon Article 863 violations within Mr. Alexander's filings in the present matter, not the underlying matter. As such, we find the trial court erred by denying the motion and instructing Attorney Glazer and Meeks to file for sanctions in the underlying matter. Therefore, we remand the issue of sanctions to the trial court to conduct a hearing and assess sanctions if deemed appropriate.[5]

### *FRIVOLOUS APPEAL*

Attorney Glazer, Meeks, Mr. Englade, Mr. Wallace, and LSBPIE filed Answers to Mr. Alexander's appeal contending that the appeal was frivolous, such that this Court should award damages, attorney's fees, and costs.

La. C.C.P. art. 2133(A) states, in pertinent part, that:

> An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later.

Further, La. C.C.P. art. 2164 provides:

---

[5] Attorney Glazer and Meeks also request that this Court issue an injunction against Mr. Alexander to prevent the filing of further unnecessary suits. As the imposition of sanctions pursuant to La. C.C.P. art. 863 is designed to "deter frivolous litigation," we find no need to also issue an injunction against Mr. Alexander. *Keaty v. Raspanti*, 03-1080, p.8 (La. App. 4 Cir. 2/4/04), 866 So. 2d 1045, 1051.

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

"Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be granted." *Tillmon v. Thrasher Waterproofing*, 00-0395, p. 8 (La. App. 4 Cir. 3/28/01), 786 So. 2d 131, 137. This Court further stated that "[a]n appeal is frivolous if it does not present a substantial legal question, if the sole purpose of the appeal is delay, or if the appealing counsel does not seriously believe the view of the law that he advocates." *Id.* However, "[t]his court is reluctant to grant frivolous appeal damages because of the chilling effect it may have on the appellate process." *Id.*

Damages for a frivolous appeal will be awarded if the appellant is attempting to delay the action, if the appellant does not believe what he is advocating, or if the appeal presents no "'substantial legal question.'" *Hunter v. Maximum Grp. Behavioral Servs., Inc.*, 10-0930, p. 6 (La. App. 4 Cir. 3/16/11), 61 So. 3d 735, 739 (quoting *Tillmon*, 00-0395, p. 8, 786 So. 2d at 137). "Damages for frivolous appeal are properly awarded only when the proposition advocated is so ridiculous or so opposed to rational thinking that it is evident beyond any doubt that it is being deliberately professed for ulterior purposes." *Bottle Poetry, LLC v. Doyle Rest. Grp. Co., LLC*, 13-0406, p. 9 (La. App. 4 Cir. 1/15/14), 133 So. 3d 60, 67.

We find that Attorney Glazer, Meeks, Mr. Englade, Mr. Wallace, and LSBPIE are entitled to an award of damages, attorney's fees, and costs on appeal. While Mr. Alexander filed his appellant brief *pro se*, he is not representative of the

average *pro se* litigant. As outlined in the appellee brief of Attorney Glazer and Meeks, Mr. Alexander's similar and indirectly related lawsuits filed at First City Court and the Orleans Parish Civil District Court includes, but is not limited to:

1. *Alexander v. Wayne R. Centanni and Centanni Investigative Agency*, CDC No. 09-07153, Div. "F-07" (Unfair and Deceptive Trade Practices);
2. *Alexander v. Cannon Cochran Management Services, Inc. D/B/A CCMSI, Jerry Armatis, Thomas Brechtel, and Carl Ayestas*, CDC No. 09-07154, Div. "D-16" (Retaliatory Discharge, Wrongful Termination, Overtime Wages and Back Pay, Unjust Enrichment, and Whistleblower Protection);
3. *Alexander v. Cannon Cochran Management Services, Inc.*, CDC No. 12 05255, Div. "L-06" (Discrimination);
4. *Alexander v. Angella Myers*, CDC No. 12-5254, Div. "G-11" (Tortious Interference relative to CDC No. 12-05255);
5. *Alexander v. LSBPIE and its Executive Director, James P. Englade, in his official capacity and individually, Dennis J. Phayer, Nancy Marshall, Elliot M. Lonker, Lance Guest, Frilot, L.L.C., Elizabeth Doubleday, Deutsche Kerrigan, L.L.P., and Burglass & Tankersley, L.L.C.*, CDC No. 13-00362, Div. "F-07" (Defamation and Abuse of Process);
6. *Alexander v. Carl Ayestas*, CDC No. 13-09535, Div. "A-16" (Defamation);
7. *Alexander v. Angella Myers*, CDC No. 13-10624, Div. "M-13" (Tortious Interference regarding CDC No. 13-09535);
8. *Alexander v. Jerry Armatis, Myers Law Group, L.L.P., Angella H. Myers, and Mark C. Carver*, First City Court for the Parish of Orleans, No. 13-53519 (Invasion of Privacy);
9. *Alexander v. Lance S. Guest in his official and individual capacity, and Office of Risk Management*, CDC No. 14-03062, Div. "N-08" (Defamation);
10. *Alexander v. The City of New Orleans, Travelers Ins. Co., Brian Thomas, Angela Myers, Myers Law Group, Lawrence W. Gerguson & Associates, Lawrence Ferguson, Mark C. Carver, Cannon Cochran Management Services, Inc., Carlos O. Ayestas, Jr., Jerry Armatis*, CDC No. 14-04123, Div. "B-05" (Breach of Contract);

11. *Alexander v. Wayne R. Centanni, individually and d/b/a, Centanni Investigative Agencies, David Parnell, Jr., Lance Wallace, and James Englade*, CDC No. 15-00209, Div. "N-08" (Petition to Annul Judgment for Fraud and Ill Practices regarding CDC No. 09-07153);

12. *Alexander v. The Times-Picayune, L.L.C. and David Hammer*, CDC No. 15 11890, Div. "M-13" (Libel, Slander, and Defamation);

13. *Alexander v. Blue Williams, L.L.P., LSBPIE, Dennis J. Phayer, David Parnell, Jr., Nancy J. Marshall, James P. Englade, Elizabeth Doubleday, Deutsch Kerrigan, L.L.P., Burglass & Tankersly, L.L.C., and Thomas G. Buck*, CDC No. 17-02215, Div. "I-14" (Defamation);

14. *Alexander v. Blue Williams, L.L.P., Dennis J. Phayer, David Parnell, Nancy J. Marshall, and La. State Board of Private Investigator Examiners*, CDC No. 17-05452, Div. "I-14" (Defamation);

15. *Alexander v. LSBPIE, Sher Garner Cahill Richter Klein & Hilbert, L.L.C., Annette Kovac, Brandon W. Keay, James M. Garner, Debra Fishchman, James P. Englade*, CDC No. 17-05546, Div. "I-14" (Defamation);

16. *Alexander v. Office of Risk Management and Julian S. Thompson, in his official capacity as The Director of Risk Management*, CDC No. 17-10372,Div. "J-15" (Mandamus);

17. *Alexander v. LSBPIE, Lane Wallace, Brett Tweedel, Michael A. Thomas, The State of Louisiana through the Board of Private Investigator Examiners, Sher Garner Cahill Richter Klein McCallister Klien & Hilbert, L.L.C., Dennis Phayer, David Parnell, Lance Wallace, James P. Englade, Del Hahn, Nancy Marshall, Sonia Mallet in her capacity as the Director of Litigation for the Office of the Attorney General for the State of Louisiana, Ryan Luminais, Ronald Luminae, Elliot Lonker, Leblanc Fantaci Villio, L.L.C., Jeff Landry, in his capacity as the Attorney General for the State of Louisiana, Annette Kovac, Delbert Hahn, Phyllis E. Glazer, James Garner, Frilot, L.L.C., Debra Fischman, Michael L. Fantaci, Elizabeth Doubleday, and Deutsch Kerrigan, L.L.P.*, CDC C/A No. 18-02072, Div. "I-14" (Defamation);

18. *Alexander v. Gertraud G. Malmgren, James Young, Peter Weilbacher, USAA Casualty Ins. Co., State Farm Ins. Co., Lobman, Carnahan, Batt, Angelle, & Nader, Stacy Estrada, and David Batt*, CDC No. 2018-09910, Div. "G-11" (Libel and Slander, Fraud and Fraud on the Court, Conspiracy, Tortious Interference with Contract, Intentional and Fraudulent Misrepresentations,

Intentional Infliction of Emotional Distress, and Mental Anguish);

19. *Alexander v. Jeffrey M. Landry, Stephen J. Oats, Warren Orlando, Oat & Marino, Millard Mule, Louisiana Citizens for Job Creators, Inc., Harvey Gulf International Marine, L.L.C., Shane J. Guidry, and David Allen*, CDC No. 2018-10372, Div. "L-06" (Breach of Contract);

20. *Alexander v. LSBPIE, Phyllis Glazer, James P. Englade, Lance Wallace, Annette Kovac, and Meeks & Associates*, CDC No. 2019-0711, Div. "I-14" (Defamation); and

21. *Alexander v. LSBPIE and James P. Englade in his Official Capacity, and James P. Englade Individual Capacity*, CDC No. 2019-10301, Div. "L-06" (Petition to Make Judgment Executory relative to CDC No. 2013-0362).

The above list does not include Mr. Alexander's numerous filings in the Federal Court system. Because of his innumerable federal filings, the United States District Court of the Eastern District of Louisiana issued the following order:

In addition to the positions stated above, certain defendants also seek additional relief from the Court relative to related further litigation instituted by Plaintiff relating in some way to the investigation services previously provided by him, and/or Worldwide Detective Agency, Inc., to the City of New Orleans and/or CCMSI. See, *e.g.*, Rec. Doc. 20–1, pp. 24–25. Having carefully considered the parties' submissions, as well as the records in the pertinent proceedings previously pending in this Court, **IT IS ORDERED** that:

(1) Dwayne Alexander and Worldwide Detective Agency, Inc. shall not hereafter file, in the United States District Court for the Eastern District of Louisiana, any additional complaint, motion, or other pleading that arises from or is premised upon: (a) Alexander's and/or Worldwide's private investigative services provided to the City of New Orleans and/or CCMSI, (b) private investigation licensing, (c) and/or any litigation regarding same, without first seeking leave of Court to do so, and certifying, in writing, that the proposed submission is not frivolous, presented for an improper purpose, repetitive or duplicative, has evidentiary support, and does not contain any inappropriate, irrelevant, malicious, harassing and/or

23

insulting comments. Failure to comply with this order may result in filings being stricken from the record and/or the imposition of significant financial and/or other sanctions, including payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. § 1927 and/or Federal Rule of Civil Procedure 11.

(2) Dwayne Alexander or anyone acting on his behalf, or on behalf of Worldwide Detective Agency, Inc., *must* give written notice to any court or agency (including parish, city, state and federal courts or agencies) of all prior and pending litigation filed by Dwayne Alexander or Worldwide Detective Agency, Inc. (or anyone acting on his/its behalf) by appending to the petition or complaint a written summary of all past and pending proceedings that directly or indirectly relate to private investigation services, private investigation licensing, or Cannon Cochran Management Services, Inc., its employees or its attorneys. Failure to comply with this order may result in filings being stricken from the record and/or the imposition of significant financial and/or other sanctions, including payment of excess costs, expenses, and any attorney's fees under 28 U.S.C. § 1927 and/or Federal Rule of Civil Procedure 11.

*Alexander v. City of New Orleans*, No. CIV. A. 12-1524, 2015 WL 160435, at *3-4

(E.D. La. 1/12/15). Subsequently, the United States Fifth Circuit Court of Appeals

stated the following:

Alexander is WARNED, however, that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of progressively severe sanctions, which may include monetary penalties and restrictions on his ability to file pleadings and other documents in this court and in any court subject to this court's jurisdiction. Alexander should review any pending appeals and actions and move to dismiss any that are frivolous. His failure to do so will result in the imposition of sanctions. This warning supplements and does not displace the sanctions orders of the district court.

*Alexander v. Cannon Cochran Mgmt. Servs., Inc.*, 638 Fed. Appx. 410, 2016 WL

1042529 (5th Cir. 2016).

We find that Mr. Alexander's appeal is frivolous, as there is no substantial

legal question presented and he could not, even as a *pro se* filer,[6] believe the position he has taken after being informed that his defamation claims cannot be addressed until the underlying matter is resolved. Accordingly, we award the following, to be paid by Mr. Alexander, based on his frivolous appeal:

| | |
|---|---|
| Attorney Glazer and Meeks: | $2,000 for attorney's fees |
| | $1,000 for damages |
| Mr. Englade and Mr. Wallace: | $2,000 for attorney's fees |
| | $1,000 for damages |
| LSBPIE: | $2,000 for attorney's fees |
| | $1,000 for damages |

Mr. Alexander shall also pay all costs for the parties associated with this appeal. *See Hester v. Hester*, 98-0854, pp. 5-6 (La. App. 4 Cir. 5/13/98), 715 So. 2d 40, 43. Awarding a party frivolous appeal damages is sparsely utilized because of the chilling effect it may have on litigation. However, a chilling effect is necessary for Mr. Alexander given his repetitious court filings and the unique background of the present matter.

### *DECREE*

For the above-mentioned reasons, we find that the trial court correctly sustained the exception of prematurity, as Mr. Alexander's claims of defamation cannot be brought until the underlying suit is concluded.

We also find the trial court did not err by granting LSBPIE's Special Motion to Strike, as Mr. Alexander was properly served and La. C.C.P. art. 971 was designed for this type of suit. Additionally, we find that LSBPIE is entitled to an increase in Article 971 sanctions. Therefore, we remand the matter to the trial court for determination.

We find that the trial court erred by not addressing Attorney Glazer and

---

[6] Attorney Donald C. Douglas, Jr. appeared and was allowed to enroll for oral argument only.

25

Meeks' Motion for Sanctions pursuant to La. C.C.P. art. 863.  We remand this issue to the trial court for a determination on the motion.

Lastly, we find that Mr. Alexander's appeal is frivolous and award damages, attorney's fees, and costs consistent with this opinion.  The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**